620 So.2d 1004 (1993)
Jane DOE, Petitioner,
v.
Jere William THOMPSON, Respondent.
No. 79799.
Supreme Court of Florida.
June 17, 1993.
Francis J. Carroll, Jr., Boehm, Brown, Rigdon, Seacrest & Fischer, P.A., Daytona Beach, for petitioner.
J. Scott Murphy and Harry K. Anderson, Parker, Johnson, Anderson, Goodwin, *1005 McGuire & Michaud, P.A., Orlando, for respondent.
SHAW, Justice.
We review Thompson v. Doe, 596 So.2d 1178 (Fla. 5th DCA 1992), based on certified conflict with International Harvester Co. v. Mann, 460 So.2d 580 (Fla. 1st DCA 1984), and Carida v. Holy Cross Hospital, Inc., 424 So.2d 849 (Fla. 4th DCA 1982). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Jane Doe (Doe) was sexually assaulted while working alone on the evening of March 17, 1987, as a clerk in a convenience store in Florida owned and operated by Southland Corporation (Southland). Jere William Thompson (Thompson) is president and chief executive officer of Southland. Doe's complaint charges Thompson with gross negligence in failing to take adequate security measures to make the store reasonably safe. Doe seeks personal jurisdiction over Thompson, a resident of Texas. The trial court determined that personal jurisdiction existed under Florida's long-arm statute, section 48.193, Florida Statutes (1987). The district court reversed and remanded with instructions to grant Thompson's motions to quash service of process and to abate for lack of personal jurisdiction. We approve the district court's conclusion.
This Court, in Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla. 1989), explained the two-step inquiry for determining long-arm jurisdiction over a nonresident defendant. A court first must determine whether the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of our long-arm statute. Id. at 502. A court then must determine whether sufficient minimum contacts exist between our forum state and the defendant to satisfy the Fourteenth Amendment's due process requirements  in short, whether a nonresident defendant "should reasonably anticipate being haled into court" in Florida. Id. at 500 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980)).
We explained in Venetian Salami that a defendant wishing to contest the allegations of the complaint concerning jurisdiction or to raise a contention of insufficient minimum contacts must file an affidavit in support of his or her position. The burden is then placed upon the plaintiff to show by counter-affidavit the basis upon which jurisdiction is obtained. Id. If relevant facts set forth in the respective affidavits are in direct conflict, then the trial judge should hold a limited evidentiary hearing on the issue of jurisdiction. Id. at 503.
The district court in the instant case determined that the statutory requirement, the first step in the Venetian Salami inquiry, was not met. We agree, based on the clear language of the statute. Section 48.193 provides:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
(b) Committing a tortious act within this state.
... .
(f) Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:
1. The defendant was engaged in solicitation or service activities within this state; or
2. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.
(Emphasis added.)
"Personally" means: "In person; without the intervention of another." The American Heritage Dictionary 926 (2d *1006 college ed. 1985). Thompson's affidavit states that he did not personally do anything in Florida: he did not personally operate a business in Florida, commit a tortious act in Florida, or cause injury in Florida. The trial court permitted limited discovery consistent with Venetian Salami. Doe deposed Thompson relative to alleged decisions that he made within the scope of his employment by Southland; Doe focused particularly on Thompson's deposition statement that "the buck stops here." We find this phrase insufficient standing alone to refute Thompson's affidavit. While Southland Corporation, which operates businesses in Florida, could be haled into court because of its minimum contacts, its chief executive officer is not by virtue of his position subject to personal jurisdiction. Thompson's allegedly negligent actions are not alleged to have been taken outside his duties as Southland's president and chief executive officer; rather, Doe alleges that he was acting within the scope of his employment. The distinction between a corporate officer acting on one's own and a corporate officer acting on behalf of one's corporation is set out clearly in Bloom v. A.H. Pond Co., 519 F. Supp. 1162, 1170-71 (S.D.Fla. 1981) (cited with approval in Kennedy v. Reed, 533 So.2d 1200, 1202 (Fla. 2d DCA 1988)). This distinction is recognized in many other jurisdictions; it is referred to as the "corporate shield" or "fiduciary shield" doctrine. See Estabrook v. Wetmore, 129 N.H. 520, 529 A.2d 956 (1987) and cases cited there (acts of corporate employee performed in corporate capacity do not form the basis for jurisdiction over corporate employee in individual capacity). "The rationale of the doctrine is `the notion that it is unfair to force an individual to defend a suit brought against him personally in a forum with which his only relevant contacts are acts performed not for his own benefit but for the benefit of his employer.'" Id. at 959 (quoting Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 902 (2d Cir.1981)). We approve this distinction.[1]
Doe argues that Streeter v. Sullivan, 509 So.2d 268 (Fla. 1987), supports the assertion of long-arm jurisdiction here. We recognized a corporate officer's liability for gross negligence toward a fellow employee in Streeter, where the officer's failure to provide a safe workplace resulted in the employee's death. The question presented in Streeter was whether a cause of action existed. We held that it did. The instant case, by contrast, presents the question whether long-arm jurisdiction exists over Thompson, not whether a cause of action exists against him. Doe may have a cause of action against Thompson, but the court does not have personal jurisdiction over him in Florida.
We conclude that section 48.193 does not apply to Thompson. Accordingly, we approve the result reached by the district court. We disapprove International Harvester and Carida to the extent that they are in conflict with this opinion.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] A corporate officer committing fraud or other intentional misconduct can be subject to personal jurisdiction, however. See, e.g., Duke v. Young, 496 So.2d 37 (Ala. 1986); Armstrong v. Pomerance, 423 A.2d 174 (Del.Supr. 1980); Martin v. Ju-Li Corp., 332 N.W.2d 871 (Iowa 1983); Anderson v. Heartland Oil & Gas, Inc., 249 Kan. 458, 819 P.2d 1192 (1991), cert. denied, ___ U.S. ___, 112 S.Ct. 1946, 118 L.Ed.2d 550 (1992); Vikse v. Flaby, 316 N.W.2d 276 (Minn. 1982); CPC Intern. Inc. v. McKesson Corp., 70 N.Y.2d 268, 519 N.Y.S.2d 804, 514 N.E.2d 116 (1987); Hammond v. Butler, Means, Evins & Brown, 300 S.C. 458, 388 S.E.2d 796, cert. denied, 498 U.S. 952, 111 S.Ct. 373, 112 L.Ed.2d 335 (1990).