BOOTH, Judge.
This appeal arises from an appealable non-final order denying Appellant’s motion to dismiss for lack of personal jurisdiction. We must reverse, based on the Florida Supreme Court’s opinion in Doe v. Thompson, 620 So.2d 1004, 1006 (Fla.1993).
In Thompson, the Florida Supreme Court applied the “corporate shield” doctrine, holding that acts of a nonresident corporate employee performed in his corporate capacity do not form the basis of jurisdiction over the employee in an individual capacity under Florida’s long-arm statute, section 48.193, Florida Statutes. See also, Bloom v. A.H. Pond Co., Inc., 519 F.Supp. 1162 (S.D.Fla.l981)(while a corporate defendant may be subject to service by operating in the forum state, employees of the corporation are not, unless they are acting on their own account and not on behalf of the corporation). The rationale for this doctrine is that it is unfair to force an individual to defend a suit brought against him personally in a forum with which his only relevant contacts are acts performed not for his own benefit, but for the benefit of his employer. Thompson, 620 So.2d at 1006.
In this case, Appellees Cynthia Cross and Phillip Leitner filed a complaint against Appellant Douglas Schnetzler, M.D., and several other defendants, alleging negligence in the delay in diagnosis of Cross’s cervical cancer. Dr. Schnetzler is a physician residing in the State of Tennessee and, at the time of Cross’s diagnosis, was an employee of co-defendant, Reference Pathology Laboratory, Inc. (hereinafter RPL). RPL is an out-of-state corporation supplying Florida physicians with laboratory services. According to the complaint, RPL processed Cross’s pap smear and erroneously determined that her slide was “negative for neoplastic cells.” This allegedly erroneous finding was then furnished to Cross’s Florida physician in a report which identified Dr. Schnetzler as both the pathologist and medical director at RPL.
Cross’s complaint alleged that Dr. Schnet-zler was “negligent in his involvement with the care and treatment of [Cross]” in that he failed to appropriately review, evaluate and test Cross’s pap smear; failed to properly monitor, hire, select and train cytotechnicians who would be providing services to Florida physicians; failed to properly report and accurately evaluate and inform Cross’s Florida physician of the results of Cross’s pap smear; and failed to ensure reasonable quality control and to prevent and/or limit testing errors on lab studies used by Florida physicians. Dr. Schnetzler thereafter filed a motion to dismiss for lack of personal jurisdiction, claiming that he did not meet the requirements of Florida’s long-arm statute and the constitutional requirement of minimum con *447 tacts. The motion also alleged that Dr. Schnetzler was at no time involved in the initial intake, analysis, or reporting of Cross’s pap smear at RPL and that Dr. Schnetzler did not, in his individual capacity, engage in any of the activities listed in section 48.193, Florida Statutes. Dr. Schnetzler submitted an affidavit reiterating the allegations made in his motion and declaring that any work performed at RPL was performed on behalf of RPL and not himself.
At a hearing on the motion, the lower court determined that Dr. Schnetzler was subject to Florida’s long-arm jurisdiction, finding that he could not rely on the “corporate shield” doctrine as set out in Thompson, supra, because he was a physician and because his name appeared on the alleged erroneous RPL report as the pathologist. In effect, the trial court found an exception to the “corporate shield” doctrine for physicians.
Our reading of Thompson finds no exception to the corporate shield doctrine for physicians or any other employees engaged in so-called “professional services,” e.g., lawyers, engineers, accountants, etc. Thompson holds that as long as the nonresident corporate employee is acting on behalf of the corporation and not himself, he cannot be subject to personal jurisdiction by virtue of his position with the corporation. Thompson, 620 So.2d at 1006; cf. Allerton v. State, Dep’t of Ins., 635 So.2d 36 (Fla. 1st DCA)(nonresident corporate defendant could not rely on corporate shield doctrine where alleged that defendant committed intentional tortious acts expressly aimed at this state), rev. denied, 639 So.2d 975 (Fla.1994); and Byron v. Marine Carriers (USA), Inc., 668 So.2d 273 (Fla. 1st DCA 1996)(same). In the case before us, Dr. Schnetzler’s alleged negligent actions were not alleged to have been committed outside his duties as either a physician/employee of RPL or as RPL’s medical director.[1] Thus, the corporate shield doctrine applies, preventing application of Florida’s long-arm statute to Dr. Schnetzler. Accordingly, we reverse and remand with directions to dismiss Dr. Schnet-zler from the suit.
Because we find the issue decided to be of paramount significance to those filing lawsuits in this state, we certify the following question of great public importance:
DOES THE “CORPORATE SHIELD” DOCTRINE AS SET OUT IN DOE V. THOMPSON, 620 So.2d 1004 (Fla.1993), APPLY TO A NON-RESIDENT EMPLOYEE ACTING ON BEHALF OF A CORPORATION EVEN WHERE THE EMPLOYEE’S ACTS ARE OF A PROFESSIONAL NATURE, FOR EXAMPLE, ACTS PERFORMED BY A PHYSICIAN?
REVERSED AND REMANDED.
JOANOS, J., concurs.
VAN NORTWICK, J., concurs in part and dissents in part with written opinion.

. We agree with the dissent that a professional acting as an employee of a corporation may be liable in some instances for negligent or wrongful acts. The issue before us, however, is not whether a cause of action exists, but whether the trial court has acquired personal jurisdiction of Dr. Schnetzler pursuant to Florida’s long-arm statute. See Thompson, 620 So.2d at 1006.