[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-14959
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 31, 2009
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-60602-CV-KAM

RICHARD LANE,
FAITH LANE,

Plaintiffs-Appellants,

versus

XYZ VENTURE PARTNERS, L.L.C.,
a Florida Limited Liability Company,
GEORGE OTHON, an individual,
REESE WAUGH, an individual,

Defendants-Appellees,

CAPITAL ACQUISITIONS AND
MANAGEMENT COMPANY, a business entity,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 31, 2009)

Before CARNES, WILSON and COX, Circuit Judges.

PER CURIAM:

## I. BACKGROUND

Plaintiffs Richard Lane and Faith Lane worked for Capital Acquisitions and Management Company (CAMCO). They allege that they were fired because they complained of racial discrimination. They brought suit against CAMCO, asserting several discrimination claims, as well as a claim for overtime pay under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*. After they filed their suit, CAMCO went into receivership. The Lanes, fearing CAMCO would become insolvent and that they would be unable to obtain complete relief from CAMCO alone, sought leave to amend their Complaint to add XYZ Venture Partners, L.L.C., the corporate parent of CAMCO; and Eric Woldoff, George Othon, and Reese Waugh, who are the owners of both XYZ and CAMCO, and who are the officers and directors of CAMCO. (R.1-22 at 2-3; R.1-53 at 4.)

CAMCO opposed the Lanes' motion, and noted in a footnote that the court's "personal jurisdiction over XYZ, Waugh, and Othon is questionable." (R.1-25 at 5.) The court gave leave to amend, and XYZ, Woldoff, Othon, and Waugh were added as defendants. The newly-added defendants first moved the court to stay the proceedings pending the determination of an involuntary bankruptcy petition that

2

would force CAMCO into bankruptcy, which was denied. (R.1-51.) The defendants then filed a motion to dismiss, which was granted as to the only claim against Waugh and Othon, the overtime pay claim, (R.1-53 at 2), because the court concluded it could not exercise personal jurisdiction over Waugh and Othon under the Florida long-arm statute.[1] The Lanes appeal the dismissal of their overtime pay claim against Waugh and Othon.

## II. CONTENTIONS OF PARTIES

The Lanes argue that the district court erred first in even considering Waugh and Othon's motion to dismiss because they waived any defense of lack of personal jurisdiction when they moved to stay the suit, and because the court had already concluded it had personal jurisdiction over Waugh and Othon when it gave leave to the Lanes to amend their Complaint and add Waugh and Othon as defendants.

Additionally, the Lanes argue that the district court improperly shifted the burden of showing personal jurisdiction back to them, as Waugh and Othon did not adequately rebut their allegations of personal jurisdiction.[2]

---

[1]We do not discuss the disposition of the other claims, nor the remainder of the procedural history of the case, as only the appeal of the order and judgment dismissing the claim against Waugh and Odom for want of personal jurisdiction is before us. (R.3-235 at 1.)

[2]We do not address this argument because our analysis of why personal jurisdiction is lacking under Florida's long-arm statute is applicable to the jurisdictional allegations Plaintiffs make in their Amended Complaint. Thus, it is irrelevant whether Plaintiffs have produced evidence to support their jurisdictional allegations, since the allegations themselves are insufficient to show jurisdiction

3

Finally, the Lanes argue that jurisdiction under the Florida long-arm statute is appropriate under either Fla. Stat. § 48.193(1)(a), which permits the exercise of jurisdiction over those who conduct business in Florida, or Fla. Stat. § 48.193(1)(b), which permits the exercise of jurisdiction over those who commit torts in Florida.[3]

Waugh and Othon did not file a brief in this appeal.

### III. ISSUES ON APPEAL

We decide in this appeal whether a motion to stay constitutes a waiver of personal jurisdiction under Rule 12(h)(1). We also decide whether the law of the case precludes the district court from dismissing the claims against Waugh and Othon for want of personal jurisdiction.

Finally, we decide whether the corporate shield doctrine precludes the exercise of jurisdiction under sections 48.193(1)(a) and (b) of the Florida long-arm statute.

---

under the long-arm statute.

[3]The Lanes also argue that the district court erred in dismissing the claim against Waugh and Othon instead of transferring the case to the Northern District of Illinois, where personal jurisdiction over Waugh and Othon could be obtained. The Lanes did not argue that transfer was more appropriate than dismissal before the district court, and so we do not consider that argument here. *See F.D.I.C. v. Verex Assur., Inc.*, 3 F.3d 391, 395 (11th Cir. 1993) ("appellate courts generally will not consider an issue or theory that was not raised in the district court.") (citations omitted).

## IV.  DISCUSSION

### A.

First, Waugh and Odom did not waive their defense of lack of personal jurisdiction by moving to stay the proceedings before moving to dismiss for lack of personal jurisdiction.  While it is true that the defense of lack of personal jurisdiction can be waived by filing a motion which does not raise the defense, Fed. R. Civ. P. 12(h)(1), waiver is only accomplished if the defense is not asserted in the first motion made under Rule 12 or responsive pleading.  Fed. R. Civ. P. 12(h)(1)(B), 12(g)(2). In this case, a motion to stay is neither a responsive pleading nor a motion made under Rule 12, and thus does not operate as a waiver of the defense of lack of personal jurisdiction  under Rule12(h).

### B.

Second, the Lanes argue that the district court determined that it had jurisdiction over Waugh and Odom when it granted the leave to amend, and thus the law of the case precludes a contrary ruling.  The Lanes argue that Waugh and Odom "previously litigated the personal jurisdiction issue when they raised it in response to Lane's Motion to Join XYZ, Waugh, Othon, and Woldoff . . ., because the district court rejected the Defendants' argument, and granted the Motion to Join." (Appellant's Br. at 45.)  This argument is meritless.  First, Waugh and Odom did not

5

respond to the Lanes' Motion to Join, only CAMCO did. Second, even CAMCO did not raise the issue of Waugh and Odom's jurisdiction; it merely noted in a footnote that "personal jurisdiction over XYZ, Waugh, and Odom is questionable." (R.1-25 at 5 n.2.)

## C.

The Lanes argue that the court had personal jurisdiction over Waugh and Othon under either the business activity provision or the tortious act provision of the long-arm statute. *See* Fla. Stat. §§ 48.193(1)(a)-(b) (providing jurisdiction over those who conduct business or commit torts in Florida). Specifically, the Lanes argue that the district court erred in concluding that the corporate shield doctrine precluded it from exercising personal jurisdiction under these provisions of the long-arm statute.

The district court held that the acts of CAMCO's officers and owners that were performed for the benefit of CAMCO cannot form the basis of personal jurisdiction under Fla. Stat. §§ 48.193(1)(a)-(b). The court relied on *Doe v. Thompson*, 620 So.2d 1004 (Fla. 1993), which held that the corporate shield doctrine prohibited the exercise of jurisdiction under the Florida long-arm statute over corporate employees whose only conduct in Florida was in furtherance of a corporation's interests. *Doe*, 620 So.2d at 1006. The court reasoned that because the Lanes' claim for overtime wages against Waugh and Othon is based on their actions taken as corporate officers and

6

owners in furtherance of the business of CAMCO, the corporate shield doctrine applied.

The Lanes contend that the corporate shield doctrine does not apply for two reasons. First, they cite our opinion in *Delong* for the proposition that:

> it is reasonable and comports with notions of 'fair play' and 'substantial justice' to extend a forum's long-arm statute to a non-resident individual who commits an act in the forum for which he can be held substantively liable, even if his actions in and contacts with the forum were entirely in his capacity as a corporate officer or director.

*Delong Equip. Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 851-52 (11th Cir. 1988) (internal citation omitted). But a few sentences later we made clear that our holding was limited to "situations where the nonresident individual *physically was present in the forum when he participated in the tort*." *Id.* at 852 (emphasis added.) In this case, the Lanes have not alleged that Othon and Waugh were physically present in Florida when they participated in a tort. Indeed, the Lanes' claim for overtime wages does not even sound in tort. *See Walling v. Jacksonville Terminal Co.*, 148 F.2d 768, 771 (5th Cir. 1945) (Under FLSA, "'[w]ages are due according to principles of contract, not of tort.'" (*quoting Bowman v. Pace*, 119 F.2d 858, 861 (5th Cir. 1941)).[4]

---

[4]The Lanes cite *Delong Equip. Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843 (11th Cir. 1988) for the proposition that claims arising from violations of federal statutes can be torts. But, *Delong* addressed antitrust, not FLSA, claims, which we have repeatedly held are a species of

7

Second, the Lanes argue that the corporate shield doctrine does not apply if the officer who seeks to invoke it can be personally liable in the suit. This argument is meritless, as the Florida Supreme Court has specifically held that the corporate shield doctrine may preclude the long-arm statute from conferring jurisdiction over a defendant even though he may be personally liable. *Doe*, 620 F.2d at 1006.

The corporate shield doctrine as articulated by the Florida Supreme Court in *Doe* precludes a Florida Court from exercising personal jurisdiction over Waugh and Othon under the Florida long-arm statute in this case. The district court therefore did not err in concluding it could not exercise jurisdiction over Waugh and Othon, and thus did not err in dismissing the overtime pay claim against them.

## V. CONCLUSION

Waugh and Othon did not waive their defense of lack of personal jurisdiction, and the law of the case did not preclude the court from dismissing the Lanes' claim against Waugh and Othon for lack of personal jurisdiction. Additionally, the corporate shield doctrine precludes the exercise of personal jurisdiction over Waugh and Othon under the Florida long-arm statute, and so the overtime pay claim against them was properly dismissed.

---

business tort. *Id.* at 848. *See also Todorov v. DCH Healthcare Authority*, 921 F.2d 1438, 1459 (11th Cir. 1991) (antitrust claim is a tort) (citations omitted).

**AFFIRMED**.