GROSS, C.J.,
specially concurring.
I concur in the majority opinion because I believe its holding is truest to the version of the corporate shield doctrine adopted by the Florida Supreme Court in Doe v. Thompson, 620 So.2d 1004 (Fla.1993). However, I agree with Judge Farmer that this case involves something that Doe did not — the allegation here.is that the corporate agents actively committed acts of negligence in Florida, while in Doe the defendant was the president of a corporation, who had a residence and office outside of Florida and who was accused of negligence for “failing to take adequate security measures to make [a] store reasonably safe.” Id. at 1005.
In Doe, it appears that the Supreme Court adopted a version of the corporate shield doctrine described in Estabrook v. Wetmore, 129 N.H. 520, 529 A.2d 956 (1987) and Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 902 (2d Cir.1981). Doe, 620 So.2d at 1006. This doctrine “denies personal jurisdiction over an individual whose presence and activity in the state in which the suit is brought were solely on behalf of his employer or other principal.” Rice v. Nova Biomedical Corp., 38 F.3d 909, 912 (7th Cir.1994). The “underpinning” of this iteration of the doctrine “is the notion that it is unfair to force an individual to defend a suit brought against him personally in a forum with which his only relevant contacts are acts performed not for his own benefit but for the benefit of his employer.” Marine Midland, 664 F.2d at 902. “The fiduciary shield doctrine is not a constitutional principle, but is rather a doctrine based on judicial inference as to the intended scope of the long arm statute.” Id. at n. 3.
Other federal circuits have departed from the approach to the fiduciary shield doctrine taken in Marine Midland.[1] For example, the Sixth Circuit has held that
the mere fact that the actions connecting defendants to the state were undertaken in an official rather than personal capacity does not preclude the exercise of personal jurisdiction over those defendants. Hence, where an out-of-state agent is actively and personally involved in the conduct giving rise to the claim, the exercise of personal jurisdiction should depend on traditional notions of fair play and substantial justice; i.e., whether she purposely availed herself of *67 the forum and the reasonably foreseeable consequences of that availment.
Balance Dynamics Corp. v. Schmitt Indus., 204 F.3d 688, 698 (6th Cir.2000); see also Columbia Briargate Co. v. First Nat’l Bank in Dallas, 713 F.2d 1052, 1064 (4th Cir.1983).
Given the disagreement over the proper application of the corporate shield doctrine, and the factual differences between Doe and this case, we certify the following question as being of great public importance:
WHERE AN INDIVIDUAL, NONRESIDENT DEFENDANT COMMITS NEGLIGENT ACTS IN FLORIDA ON BEHALF OF HIS CORPORATE EMPLOYER, DOES THE CORPORATE SHIELD DOCTRINE OPERATE AS A BAR TO PERSONAL JURISDICTION IN FLORIDA OVER THE INDIVIDUAL DEFENDANT?

. Judge Posner has characterized Marine Midland as "an impaired precedent because it was an interpretation of New York law. and New York’s highest court later repudiated the entire doctrine” in Kreutter v. McFadden Oil Corp., 71 N.Y.2d 460, 527 N.Y.S.2d 195, 522 N.E.2d 40, 44-47 (1988). Rice v. Nova Biomedical Corp., 38 F.3d 909, 912 (7th Cir.1994).