FARMER, J.,
dissenting.
Plaintiffs alleged that while personally present in Florida these non-resident defendants committed negligent acts within this state injuring other persons here. They based jurisdiction over these nonresident actors on the part of the Florida long-arm statute, which specifies:
“Any person, whether or not a citizen or resident of this state, who personally ... does any of the acts enumerated in this subsection thereby submits himself ... to the jurisdiction of the courts of this state for any cause of action arising from ... committing a tortious act within this state.” [e.s.]
§ 48.193(l)(b), Fla. Stat. (2009). Again, plaintiffs alleged precisely these facts in their pleading: while each was present here they acted tortiously and injured plaintiffs.[1]
A brief perusal demonstrates on the face of subsection (l)(b) that it requires actual presence in Florida during which one has committed a tortious act in this state resulting in injury to another person here. In this case, plaintiffs did not allege that defendants committed a negligent act in Florida through, or by reason of, the acts of an agent acting on their behalf in this state. It alleges that defendants themselves were here and acted tortiously within this state. As subsection (l)(b) makes clear, one can be sued here when one himself is personally present in Florida and commits negligence injuring another person here.
In Doe v. Thompson, 620 So.2d 1004 (Fla.1993), the supreme court held that a nonresident corporate agent, who had committed acts outside this state on behalf of the corporation, was not subject to subsection (l)(b), even though the corporation for whom the agent had acted could be sued here. There, defendant’s affidavit made clear he had never done anything in Florida and that all his acts on behalf of the corporation were done outside this state. The conduct alleged to support jurisdiction in Doe had been that while carrying out his corporate duties in Texas the agent had caused injury to someone in Florida.
An appellate decision must be understood to be based on — and limited to — the particular facts and circumstances on which it was decided.[2] The entire basis *68 for the corporate shield doctrine in Doe is that the corporate official had been outside Florida, acting only on behalf of the corporation, when in Texas he committed the negligent act that injured someone in Florida. The holding is manifestly that because of those circumstances he cannot be personally sued in Florida.
Doe is inapplicable to this case. Here the defendants themselves were personally present in Florida when they committed acts injuring other persons here. Nothing in subsection (l)(b) suggests that a defendant personally acting within Florida and causing injury here is outside our jurisdiction if he was acting for the benefit of another. The complaint alleges that their acts within the state were tortious. They are not being sued for out-of-state conduct traceable to injury in Florida. That is the significant difference between this case and Doe. Reliance on Doe necessarily adds new text to this part of the statute.
The argument is also made here that jurisdiction is lacking because defendants were acting in their capacity as agents. But it is especially well settled that agents are always liable for the torts they commit because:
“[I]t is almost universally held that the existence of a principal and agent relationship is immaterial, the tort liability of the agent not being based upon the existence of any contractual relationship between the agent and a principal but upon the common law obligation that every person must so reasonably act or use that which he or she controls as not to harm another. See 3 Am.Jur.2d, Agency § 809 (1986); Restatement Second of Agency § 343.”
Liberty Surplus Ins. Corp. Inc. v. First Indem. Ins. Serv. Inc., 31 So.3d 852, 856 (Fla. 4th DCA 2010); Sussman v. First Fin. Title Co. of Fla., 793 So.2d 1066, 1069 (Fla. 4th DCA 2001). Acting in a representative capacity does not give an agent license to act unreasonably to harm another.
The majority’s decision effectively extends the rationale of Doe to hold that even individuals who have personally committed acts within Florida are protected by a corporate shield. Their decision would pardon corporate agents who exceed authority or act in some way the corporation could disown. Absolutely nothing in the statute implies such a dispensation from liability for one’s own conduct. I therefore dissent.

. Notably, plaintiffs did not allege they were subject to jurisdiction because they, or their corporate employer, do business in this state.

. See Ansin v. Thurston, 101 So.2d 808 (Fla.1958) ("A conflict of decisions ... must be on a question of law involved and determined, and such that one decision would overrule the other if both were rendered by the same court; in other words, the decisions must be based practically on the same state of facts and announce antagonistic conclusions”); City of Miami Beach v. Prevatt, 97 So.2d 473 *68 (Fla.1957) (decision of supreme court necessarily based on existing facts): Miller v. Moylan, 72 So.2d 380 (Fla.1954) (rejecting cited authority because based on "dissimilar facts”); Henderson v. Boose, 142 Fla. 804, 196 So. 671 (1940) (trial court decision must be based on same facts to be within case authority cited).