RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 11a0225p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

SCOTT D. GERBER,

        *Plaintiff-Appellant,*

    *v.*

JAMES C. RIORDAN and SEVEN LOCKS PRESS
CORP.,

        *Defendants-Appellees.*

No. 09-3790

───────────────

Appeal from the United States District Court
for the Northern District of Ohio at Toledo.
No. 06-01525—James G. Carr, District Judge.

Decided and Filed: August 18, 2011

Before: DAUGHTREY, MOORE, and CLAY, Circuit Judges.

───────────────

**COUNSEL**

**ON BRIEF:** Timothy G. Pepper, TAFT STETTINIUS & HOLLISTER LLP, Dayton,
Ohio, for Appellant.

    CLAY, J., delivered the opinion of the court, in which DAUGHTREY, J., joined.
MOORE, J. (pp. 11-19), delivered a separate concurring opinion.

───────────────

**OPINION**

───────────────

    CLAY, Circuit Judge.  Plaintiff Scott Gerber filed this diversity of citizenship
action pursuant to 28 U.S.C. § § 1291 and 1332  against Defendants James Riordan and
Seven Locks Press Corp., alleging breach of contract and common law tort causes of
action.  The court below dismissed the action for lack of personal jurisdiction over
Defendants.  Plaintiff now appeals.

For the reasons stated below, we **REVERSE** the decision of the court below, and **REMAND** the case for further proceedings.

## STATEMENT OF FACTS

### I.     Factual Background

This case arises out of a lawsuit filed by Plaintiff Scott Gerber ("Plaintiff") against Defendants James Riordan ("Riordan") and Seven Locks Press Corp. ("Seven Locks Press," collectively "Defendants"), alleging breach of contract and common law tort causes of action.

Plaintiff is a faculty member at Ohio Northern University's  Claude W. Pettit College of Law, and an Ohio resident.  However, in contracting with Defendants for publication of his manuscript, Plaintiff  listed his address as "4302 Chesapeake Avenue, Hampton, Virginia, 23669."   (R. 6-1 at 1.)   Defendant Seven Locks Press is a corporation incorporated under Nevada law, doing business in California.  Seven Locks Press' address is listed as "3100 W. Warner Avenue #8, Santa Ana, California 92704." (*Id.*)

In June 2005, Plaintiff and Defendant Seven Locks Press entered into a contract (the "contract") to publish Plaintiff's manuscript.  Defendant Riordan, publisher of Seven Locks Press, acted as Seven Locks Press' agent in negotiating and entering into the contract with Plaintiff.  The contract initially required publication of Plaintiff's manuscript within 120 days of the date of the contract, (*id*. at 3), which Plaintiff alleges in his complaint was "on or about October 10, 2005."  (R. 6, Am. Compl. at 3.)  The contract also required Plaintiff to pay Seven Locks Press a publication subsidy of $11,500.00.  (*Id.*)  Plaintiff alleges that he paid Seven Locks Press the agreed upon subsidy in November 2005.  (*Id.*)

In November 2005, the parties amended the contract, and delayed the publication date to early February 2006.  Plaintiff alleges that even after publication was delayed, Defendants failed to publish Plaintiff's manuscript in a timely fashion.

## II.       Procedural History

Plaintiff filed the instant action against Defendants on June 20, 2006 in the United States District Court for the Northern District of Ohio based on the parties' diversity of citizenship, and an amount in controversy exceeding $75,000.00. *See* 28 U.S.C. §§ 1291 and 1332. In his amended complaint, Plaintiff seeks relief for Defendants' breach of contract; interference with a contract and prospective advantage; defamation; intentional or reckless infliction of emotional distress; negligent infliction of emotional distress; misrepresentation; and fraud. After filing his complaint, but prior to receiving any responsive pleading from Defendants, Plaintiff filed an amended complaint; a motion to stay litigation in favor of mediation in Toledo, Ohio; and an application to the court for entry of default judgment against Defendants. Proceeding *pro se*, Defendants filed a motion to dismiss the amended complaint for lack of personal jurisdiction.

After directing Defendants to show cause why default judgment should not be entered against them for failure to secure an attorney to represent corporate Defendant Seven Locks Press as required by 28 U.S.C. § 1654, *see also Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 166 n.1 (D.C. Cir. 1990) ("a corporation . . . [may] not appear *pro se*"), the district court entered a default judgment against Defendants on October 16, 2006.

Subsequently, Defendants retained an attorney who entered a general appearance with the district court on Defendants' behalf. Through their attorney, Defendants made motions to stay the litigation pending arbitration, and to vacate the default judgment entered against them. The district court granted both of Defendants' motions on December 8, 2006. Defendants also filed an opposition to Plaintiff's motion for mediation in Toledo, Ohio.

The parties appeared at a case management conference with the district court on June 19, 2007. On June 21, 2007, the district court ordered that discovery in the case be completed by January 31, 2008; dispositive motions submitted by November 11, 2007; opposition to dispositive motions submitted by November 30, 2007; and replies

submitted by December 15, 2007. The parties also consented to the magistrate judge's jurisdiction for all purposes, including the entry of judgment. This case was subsequently reassigned from the district judge to a magistrate judge. The court scheduled a settlement conference for February 25, 2008, and a jury trial before the magistrate judge for March 18, 2008, with *voir dire* set for March 17, 2008.

After the June 19, 2007 case management conference, Defendants made a motion for an extension of time until July 9, 2007 to file its Rule 26 discovery responses. Defendants subsequently withdrew this motion, and submitted their Rule 26 discovery responses on June 9, 2007.

The district court held an additional pretrial conference on June 17, 2007, which Defendants' counsel attended in person, and which Defendant Riordan attended by telephone. The district court also stayed litigation pending mediation as contemplated by the parties' contract.

After participating in the above-described proceedings, on April 1, 2009, Defendants filed a motion to dismiss for lack of personal jurisdiction, arguing that their contacts with Ohio were insufficient to support personal jurisdiction over them in that forum. The magistrate judge granted Defendants' motion on May 28, 2009, and dismissed the action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

Plaintiff timely appealed.

## DISCUSSION

### I.     Standard of Review

"We review *de novo* a district court's dismissal of a complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure." *Bird v. Parsons*, 289 F.3d 865, 971 (6th Cir. 2002); *see also Calphalon Corp. v. Roulette*, 228 F.3d 718, 721 (6th Cir. 2000).

**II.      Analysis**

"Personal jurisdiction can be either general or specific, depending upon the nature of the contacts that the defendant has with the forum state." *Id*. at 873. This Court has explained the difference between these two types of jurisdiction as follows: "General jurisdiction is proper only where a defendant's contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *Id*. Specific jurisdiction, however, is proper only "in a suit arising out of or related to the defendant's contacts with the forum." *Id*. at 874.

In this case, Plaintiff concedes that Defendants' contacts with Ohio are insufficient to support general jurisdiction in that forum. Ordinarily, in the absence of general jurisdiction, the only question before the Court is whether the district court had personal jurisdiction over Defendants based on specific jurisdiction. An exception to this rule occurs when a party fails to assert, or waives its general jurisdiction defense by, for example, entering a general appearance with the district court. *See Calphalon*, 228 F.3d at 721. It is with this exception that we deal in this case.

In a diversity case, such as the instant action, this Court uses a two part test to ascertain whether the district court has personal jurisdiction over a defendant. *See, e.g., id.* at 721; *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996). "The exercise of personal jurisdiction is valid only if it meets both the state long-arm statute and constitutional due process requirements." *Calphalon*, 228 F.3d at 721.

Ohio's long-arm statute states in relevant part:

A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

(1)      Transacting any business in this state;
(2)      Contracting to supply services or goods in this state;
(3)      Causing tortious injury by an act or omission in this state;
. . .

(6)     Causing tortious injury in this state to any person
        by an act outside this state committed with the
        purpose of injuring persons, when he might
        reasonably have expected that some person would
        be injured thereby in this state.

Ohio Rev. Code § 2307.382(A). Although we "have recognized that Ohio's long-arm statute is not coterminous with federal constitutional limits," *Bird*, 289 F.3d at 871, our jurisprudence analyzing personal jurisdiction under Ohio law has nevertheless done so with reference to the limits of federal constitutional due process. *See id.* Specifically, this Court has "consistently focused on whether there are sufficient minimum contacts between the nonresident defendant and the forum state so as not to offend traditional notions of fair play and substantial justice." *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Under this Court's due process jurisprudence, "[s]pecific jurisdiction over [Defendants] is permissible only if their contacts with Ohio satisfy the three-part test that this [C]ourt established in *Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)." *Id.* at 874. As this Circuit has previously stated,

> First, the defendant must purposefully avail himself of the privilege of
> acting in the forum state or causing a consequence in the forum state.
> Second, the cause of action must arise from the defendant's activities
> there. Finally, the acts of the defendant or consequences caused by the
> defendant must have a substantial enough connection with the forum
> state to make the exercise of jurisdiction over the defendant reasonable.

*Calphalon*, 228 F.3d at 721 (quoting *S. Mach. Co.*, 401 F.2d at 381).

However, setting forth the constitutional requirements for a court's exercise of personal jurisdiction over a defendant does not necessarily end our inquiry. Rather, because "the requirement of personal jurisdiction flows from the Due Process Clause and protects an individual liberty interest," *Days Inn Worldwide, Inc. v. Patel*, 445 F.3d 899, 905 (6th Cir. 2006), "an individual may submit to the jurisdiction of the court by appearance." *Ins. Corp. of Ireland, LTD v. Compagnie des Bauxite de Guinea*, 456 U.S. 694, 703 (1982). In so doing, a defendant would waive his potential personal

jurisdiction defense. As we have explained, "[t]he requirement that a court have personal jurisdiction is a due process right that may be waived either explicitly or implicitly. The actions of the defendant may amount to a legal submission to the jurisdiction of the court." *Days Inn*, 445 F.3d at 905; *see also* Fed. R. Civ. P 12(h)(1) (stating that "[a] party waives any defense listed in Rule 12(b)(2)-(5)," including the defense of lack of personal jurisdiction, by "failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading.").

In this case, Defendants initially responded to Plaintiff's complaint by filing a *pro se* motion to dismiss for lack of personal jurisdiction, which the district court rejected for reasons unrelated to the motion's merits. However, prior to renewing their motion to dismiss for lack of personal jurisdiction on April 1, 2009, Defendants participated in the litigation of this case as follows: (1) Defendants secured the services of an attorney who entered an appearance with the district court on behalf of Defendants on October 16, 2006; (2) Defendants filed a motion to stay litigation pending arbitration on October 31, 2006; (3) Defendants filed a motion to vacate the default judgment entered against Defendants on November 1, 2006; (4) Defendants filed an opposition to Plaintiff's motion for mediation in Toledo, Ohio on December 21, 2006; (5) Defendants participated in a case management conference with the district court on June 19, 2007; (6) Defendants filed a motion for an extension of time until July 9, 2007 to file their Rule 26 discovery responses on July 3, 2007, a motion which Defendants subsequently withdrew on July 6, 2007; (7) Defendants made a motion to enforce a settlement agreement on July 6, 2007, which Defendants subsequently withdrew on March 3, 2009; (8) Defendants made their Rule 26 discovery responses on July 9, 2007; and (9) Defendants participated in a pretrial conference held by the district court on June 17, 2007.

In deciding whether Defendants waived their personal jurisdiction defense, we must determine whether any of Defendants' appearances and filings in the district court constituted "legal submission to the jurisdiction of the court." *Days Inn*, 445 F.3d at 905. As an initial matter, we note that while "the voluntary use of certain [district] court

procedures" serve as "constructive consent to the personal jurisdiction of the [district] court," *Compagnie des Bauxite de Guinea*, 456 U.S. at 704, not all do. *See Mobile Anesthesiologists Chicago, LLC v. Anesthesia Associates of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010). Only those submissions, appearances and filings that give "[P]laintiff a reasonable expectation that [Defendants] will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking," *id*. at 443, result in waiver of a personal jurisdiction defense.

There is a dearth of caselaw both in this Circuit, and in our sister circuits, defining precisely what types of appearances and filings qualify as "a [defendant's] legal submission to the jurisdiction of the court," *Days Inn*, 445 F.3d at 905, and give a "plaintiff a reasonable expectation that it will defend the suit on the merits." *Mobile Anesthesiologists*, 623 F.3d at 443. Thus, we take this opportunity to discuss some of the contours of this area of the law.

Although at the end of the day we find that Defendants did waive their personal jurisdiction defense when their attorney entered a general appearance with the district court, not all of Defendants' actions participating in the instant litigation were sufficient to signal Defendants' voluntary submission to the district court's jurisdiction. Thus, not all of Defendants' filings could themselves constitute a waiver of Defendants' personal jurisdiction defense.

Defendants did not accede to the district court's jurisdiction in moving to stay the litigation pending arbitration. As we discussed above, "[t]o waive or forfeit a personal jurisdiction defense, a defendant must give a plaintiff a reasonable expectation that it will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking." *Id*. A motion to stay litigation signals only that a defendant wishes to postpone the court's disposition of a case. Far from indicating that a defendant intends to defend a suit on the merits, a motion to stay can serve to indicate the opposite – that a defendant intends to seek alternate means of resolving a dispute, and avoid litigation in that jurisdiction.

Therefore, Defendants' motion for a stay "does not come close to what is required for waiver or forfeiture" of a personal jurisdiction defense. *Id.*; *see also Lane v. XYZ Venture Partners, L.L.C.*, 332 F. App'x 675, 678 (11th Cir. 2009) (holding that defendants "did not waive their defense of lack of personal jurisdiction by moving to stay the proceedings").

Similarly, Defendants' motion to vacate the default judgment, without more, would not have resulted in a waiver of their personal jurisdiction defense. We have held that a personal jurisdiction defense is not waived when a party makes a special appearance solely to contest personal jurisdiction's existence. *See Calphalon*, 228 F.3d at 721 (citing Fed. R. Civ. P. 12(b)(2)). This is so because by appearing solely to contest jurisdiction, a defendant clearly indicates that he is not willing to submit to the district court's jurisdiction. By the same token, we have held that "defects in personal jurisdiction are not waived by default when a party fails to appear or to respond . . . until after the default judgment was entered." *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1121 (6th Cir. 1994) (holding that a defendant did not waive his personal jurisdiction defense by moving to vacate a default judgment). Therefore, because moving to vacate a default judgment is not an indication that a defendant is submitting to the jurisdiction of the district court for disposition of a suit's merits, Defendants did not waive their personal jurisdiction defense by moving to vacate the district court's entry of a default judgment.

Nevertheless, it is clear that Defendants' filing of a general appearance with the district court constituted a voluntary acceptance of the district court's jurisdiction, and therefore, a waiver of Defendants' personal jurisdiction defense. We have held that "Under [Federal Rule of Civil Procedure] 12(h), a party waives the right to contest personal jurisdiction by failing to raise the issue when making a responsive pleading or a general appearance." *Id*. at 1120; *accord Baragona v. Kuwait Gulf Link Transp. Co.*, 594 F.3d 852, 854 (11th Cir. 2010) ("A defendant normally . . . waives a personal jurisdiction defense if he or she has entered an appearance."); *Ladder Man, Inc. v. Mfr.'s Distrib. Serv., Inc.*, No. 99-4217, 2000 U.S. App. LEXIS 27982, at *7 (6th Cir. Oct. 31,

2000) (table).  Therefore, Defendants' attorney's entry of a general appearance with the district court on behalf of Defendants on October 16, 2006 constituted a waiver of Defendants' personal jurisdiction defense.

## CONCLUSION

Defendants waived their lack of personal jurisdiction defense, and voluntarily submitted to the district court's jurisdiction, when their attorney entered a general appearance with the district court on their behalf.  Accordingly, we **REVERSE** the decision of the court below, and **REMAND** the case for further proceedings consistent with this opinion.

———————————

**CONCURRENCE**

———————————

KAREN NELSON MOORE, Circuit Judge, concurring.  I agree with the majority that the defendants have waived any challenge to personal jurisdiction through their participation in the proceedings below.  I also agree that the key question in this case is when the defendants gave an indication that they intended to defend this suit on the merits.  *See Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010).  I disagree, however, with the majority's conclusion that the critical point here was the defendants' counsel's filing of an Entry of Appearance—a one-sentence announcement of the identity of the defendants' attorney of record.  In my view, the defendants consented to the personal jurisdiction of the district court when they filed a motion to enforce a settlement agreement that the defendants believed was valid at that time.  Perhaps more importantly, however, I believe that the holding of the majority is unwise; in light of the facts of this case, a formalistic, one-sentence notice of appearance as counsel simply cannot amount to a waiver of the right to file a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).  I therefore concur in the judgment only.

### I.  THE MAJORITY ADOPTS A NEW TEST FOR WAIVER OF PERSONAL-JURISDICTION DEFENSES, BUT THEN APPLIES THE OLD ONE.

Before the Federal Rules of Civil Procedure were adopted in 1938, a defendant seeking to challenge the district court's exercise of personal jurisdiction would make a limited, or "special," appearance before the court to lodge the objection.  *See, e.g.*, *Harkness v. Hyde*, 98 U.S. (8 Otto) 476, 478–79 (1878); *see generally* 5B CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 1344 (3d ed. 2011).  This special appearance was conceptually different from a "general" appearance, which was viewed as a sign that the

defendant acknowledged the existence of personal jurisdiction and intended to defend the action on the merits. *See Goldey v. Morning News*, 156 U.S. 518, 521 (1895) (stating that personal jurisdiction can be acquired over the defendant "by his waiver, by general appearance or otherwise"). "The term 'general appearance' historically applied to the defendant's submission of pleadings or motions, not limited to jurisdictional questions, regardless of whether the defendant or the defendant's attorney is physically present in court." 16-108 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE, § 108.53[2] (3d ed. 2011).

Rule 12 changed the practices surrounding challenges to personal jurisdiction, notably by ending reliance on the appearance doctrine. "Rule 12 . . . abolished for the federal courts the age-old distinction between general and special appearances." *Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 139 F.2d 871, 874 (3d Cir. 1944) (en banc). Acknowledging this, we have held that, "In order to object to a court's exercise of personal jurisdiction, it is no longer necessary to enter a 'special appearance.'" *Cty. Sec. Agency v. Ohio Dep't of Commerce*, 296 F.3d 477, 483 (6th Cir. 2002); *see also Haile v. Henderson Nat'l Bank*, 657 F.2d 816, 820 n.4 (6th Cir. 1981) (stating, with respect to challenges to service of process, that "a 'special appearance' to challenge [personal] jurisdiction is no longer necessary under the Federal Rules. A defendant must attack the validity of service of process pursuant to Rule 12(b)."). On the other hand, the term "general appearance" still appears in some cases in the context of personal-jurisdiction challenges, although a precise definition of exactly what qualifies as a general appearance is not provided. *See Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1120 (6th Cir. 1994) ("Under F.R.C.P. 12(h), a party waives the right to contest personal jurisdiction by failing to raise the issue when making a responsive pleading or a general appearance."); *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 700 (6th Cir. 1978) (quoting *Goldey*, 156 U.S. at 521); *see also* 16-108 MOORE'S FEDERAL PRACTICE § 108.53[2] ("The term ["general appearance"] is still widely used to describe acts by the defendant sufficient to support jurisdiction, even in discussions of jurisdiction in courts that have adopted the Federal Rules of Civil Procedure, which

provide a waiver procedure instead of the appearance doctrine.") (internal citation omitted).

Rule 12(h)(1) now sets out the circumstances in which a challenge to personal jurisdiction can be waived. According to the rule:

A party waives any defense listed in Rule 12(b)(2)-(5) by:

(B) failing to either:

> (i) make it by motion under this rule; or
>
> (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

FED. R. CIV. P. 12(h)(1)(B). Such an inquiry is easy in most cases. One can look at the defendant's answer or pre-answer motion; either personal jurisdiction is raised or it isn't. Yet cases like the present one, in which numerous other issues are raised from the outset of the case, can present a more difficult situation. Notwithstanding the absence of an answer or pre-answer motion, a defendant can still waive a personal-jurisdiction challenge by certain participation in the litigation. *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxite de Guinee*, 456 U.S. 694, 703 (1982); *Days Inn Worldwide, Inc. v. Patel*, 445 F.3d 899, 905 (6th Cir. 2006).[1]

To assess whether such a waiver through participation in the litigation has been made, several other circuits take a common-sense approach to determining whether a party has waived a personal-jurisdiction challenge. All of these attempt to ensure compliance with the spirit of Rule 12—"which is to expedite and simplify proceedings

---

[1] "Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993). We have held that participation in litigation that results in the loss of the right to challenge personal jurisdiction constitutes waiver, *see Patel*, 445 F.3d at 905 n.6, but the Second Circuit has opted to describe this as forfeiture. In the Second Circuit's view, "Where a litigant's action or inaction is deemed to incur the consequence of loss of a right, or, as here, a defense, the term 'forfeiture' is more appropriate." *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 61 (2d Cir. 1999). Along with the Second Circuit, I believe that the term "forfeiture" is a more accurate description of a defendant's loss of the right to challenge personal jurisdiction, but I will use the term "waiver" in the remainder of this opinion, consistent with our circuit's established practice.

in the Federal Courts," *Yeldell v. Tutt*, 913 F.2d 533, 539 (8th Cir. 1990) (internal quotation marks omitted)—when the letter of Rule 12 itself does not provide clear guidance.[2]

Perhaps the best description of this approach comes from a Seventh Circuit case cited by the majority, *Mobile Anesthesiologists*: "To waive or forfeit a personal jurisdiction defense, a defendant must give a plaintiff a reasonable expectation that it will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking." 623 F.3d at 443. The Seventh Circuit has also asked whether the defendants' actions "manifest[] an intent to submit to the court's jurisdiction" and whether they comply with "the spirit of" Rule 12(h) even where they already comply with the letter of the rule. *Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993). This straightforward description of the inquiry to be undertaken has the advantage of ensuring that cases with atypical preliminary pleading histories, such that the letter of Rule 12 is difficult to apply, are decided in a manner that comports with the policy behind Rule 12(h). It also parallels the inquiry undertaken in a related situation: determining whether a defendant's purposeful availment of a forum state—separate and apart from participation in the litigation at issue—results in the existence of specific jurisdiction.[3] As the Supreme Court recently observed with respect to specific jurisdiction, "The principal inquiry in cases of this sort is whether the defendant's activities manifest an intention to submit to the power of a

---

[2]For example, the Federal Circuit has advanced the notion that a personal-jurisdiction challenge must be made "'at the time the first significant defensive move is made[.]'" *Rates Tech., Inc. v. Nortel Networks Corp.*, 399 F.3d 1302, 1307 (Fed. Cir. 2005) (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1391 (3d ed. 2004)). The Second Circuit has held that forfeiture of personal jurisdiction may occur through both conduct *and* missed opportunities to litigate the issue. *Hamilton*, 197 F.3d at 61. In *Hamilton*, the court faulted the defendants for failing to litigate personal jurisdiction despite "four distinct opportunities to move to dismiss during [a] four-year interval." *Id.* Lastly, the D.C. Circuit has noted that even where Rule 12(h) cannot be applied literally, courts should apply the rule's "rationale—that defendants should raise such preliminary matters before the court's and parties' time is consumed in struggle over the substance of the suit—where a defendant has engaged in extensive post-default litigation without suggesting an infirmity in personal jurisdiction." *Democratic Republic of Congo v. FG Hemisphere Assocs., LLC*, 508 F.3d 1062, 1064 (D.C. Cir. 2007).

[3]Personal jurisdiction can exist in two forms: specific jurisdiction and general jurisdiction. "In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, – U.S. ----, 131 S. Ct. 2846, 2851 (2011) (internal quotation marks omitted). We deal here only with specific jurisdiction.

sovereign." *J. McIntyre Mach., Ltd. v. Nicastro*, – U.S. —, 131 S. Ct. 2780, 2788 (June 27, 2011).

Unfortunately, although the majority states at the outset that it approves of this type of inquiry, it does not go further and undertake it. Instead, it engages in a two-step line of analysis that makes no mention of whether the defendants gave the plaintiffs "a reasonable expectation that [they] will defend the suit on the merits" or whether the defendants had "cause[d] the court to go to some effort that would be wasted if personal jurisdiction is later found lacking." First, the majority relies on a case mentioning (but not explaining) the old (and abandoned) distinction between special and general appearances. *See Reynolds*, 23 F.3d at 1120 ("Under F.R.C.P. 12(h), a party waives the right to contest personal jurisdiction by failing to raise the issue when making a responsive pleading or a general appearance."). Then the majority states, without further explanation, that the defendants filed a document that constitutes a general appearance, thereby waiving any objections to personal jurisdiction. As explained below, this makes no sense.

## II. A ONE-SENTENCE NOTICE OF APPEARANCE OF COUNSEL, FILED IN RESPONSE TO A COURT ORDER, IS NOT RELEVANT TO RULE 12.

The defendants in this case filed numerous documents in the district court before the April 1, 2009 motion to dismiss for lack of personal jurisdiction. These filings included the following:

- October 16, 2006: Entry of appearance as counsel. (R. 22)
- October 30, 2006: Motion to stay pending arbitration. (R. 23)
- November 1, 2006: Motion to vacate the notice of default. (R. 24)
- July 3, 2007: Motion for an extension of time to file Rule 26 disclosures. (R. 40)
- July 6, 2007: Motion to enforce a settlement agreement. (R. 42)
- July 9, 2007: Initial disclosures. (R. 44)

- March 27, 2009:  Motion to withdraw the July 6, 2007 motion to enforce a settlement agreement.  (R. 65)

The majority picks the first of these filings:  the Entry of Appearance filed by the defendants' attorney on October 16, 2006.  Even insofar as the term "general appearance" may be useful in this context as a short-hand way of referring to pleadings or motions that "give a plaintiff a reasonable expectation that [the defendants] will defend the suit on the merits or [that] cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking," *Mobile Anesthesiologists*, 623 F.3d at 443, I do not believe that the Entry of Appearance filed in this case falls within this concept.  This Entry of Appearance document is a one-page—indeed, one-*sentence*—*pro forma* notice of appearance of counsel.  In its entirety, it reads:  "Now comes Richard M. Kerger and enters his appearances [*sic*] as counsel for defendants, James C. Riordan and Seven Locks Press Corp. in this matter."  R. 22 (Entry of Appearance).  This document does nothing more than give notice of the identity of the defendants' counsel of record.  As the Supreme Court of Florida noted when it rejected the notion that the filing of a notice of appearance will waive a personal-jurisdiction challenge under Florida law, such a document "indicates no acknowledgment of the court's authority, contains no request for the assistance of its process, and, most important, reflects no submission to its jurisdiction . . . .  Such a conclusion [of waiver] represents . . . no less than the apotheosis of a meaningless technicality."  *Public Gas Co. v. Weatherhead Co.*, 409 So.2d 1026, 1027 (Fla. 1982) (internal quotation marks omitted).  The Entry of Appearance filed in this case therefore was not, in my view, the sort of participation in litigation that constitutes a submission to the personal jurisdiction of the district court.

Moreover, the context in which this particular document was filed demonstrates clearly that it did not constitute a general appearance and that it did not give the plaintiffs an indication that the defendants would defend the suit on the merits.  On August 7, 2006, at the very beginning of the suit, the defendants filed a pro se motion to dismiss for lack of personal jurisdiction.  R. 9 (Motion to Dismiss).  Because corporate defendants are not permitted to proceed pro se, the district court ordered

defendant Seven Locks Press to "cause an appearance to be filed on its behalf by counsel or otherwise show why its default should not be entered and further proceedings scheduled accordingly." R. 14 (Order). The October 16, 2006, Entry of Appearance was therefore filed directly in response to this order—*not* because the defendant's attorney was intending to defend the suit on the merits. How, then, could this perfunctory document be construed as or deemed to be a submission to the personal jurisdiction of the district court when it was filed in response to a court order?

Furthermore, at the time that the defendants filed the Entry of Appearance, the pro se motion to dismiss for lack of personal jurisdiction was still pending. Additionally, about two months later, the district court issued an order that "deemed" the pro se motion to dismiss for lack of personal jurisdiction "withdrawn, *without prejudice to defendants' right to renew said motion*." R. 28 at 2 (Order) (emphasis added). It was clear to everyone, then, that as of the date of that order, December 8, 2006, the defendants still retained the right to assert their personal-jurisdiction defense. As a result, it makes no sense to find now that the Entry of Appearance, filed in response to an order by the district court to identify corporate counsel, was also a full-fledged consent to the district court's exercise of personal jurisdiction over the defendants.

By the same token, the majority's holding appears to be at odds with Rule 12 itself. Rule 12(h) gives a defendant the right to raise the defense of lack of personal jurisdiction, along with the defenses of improper venue, improper process, and improper service of process, in a pre-answer motion or in the answer, whichever is filed first. Rule 12(h) says nothing about the effect of notice-giving documents or documents entered in response to a court order. Yet according to the majority, an attorney must now be wary, lest the attorney's client later be deemed to have unknowingly waived its right to contest personal jurisdiction. In other words, as a result of the majority's opinion, rather than file a notice of appearance, an attorney is "required at the door of the federal courthouse to intone that ancient abracadabra of the law, de bene esse, in order by its magic power to enable himself to remain outside even while he steps within." *Orange Theatre Corp.*,

139 F.2d at 874.  This is the procedure that Rule 12 was designed to change, not to reinforce.

### III.  THE MOTION TO ENFORCE A SETTLEMENT AGREEMENT CONSTITUTES WAIVER.

Several of the other filings of the defendants before their second motion to dismiss for lack of personal jurisdiction present a close call as potential waivers.  There is one filing, however, that in my view clearly stands out as showing the obvious intent of the defendants to submit to the personal jurisdiction of the court.  I believe that the defendants' July 6, 2007 filing of a motion to enforce a settlement agreement allegedly entered between the parties constituted the pivotal moment at which they undeniably waived their personal-jurisdiction defense.  R. 42 (Motion to Enforce Settlement).  This motion to enforce a settlement is clearly inconsistent with the idea that the district court lacked personal jurisdiction over the defendants; indeed, the motion to enforce a settlement directly seeks to have the district court use its power over the parties (including the defendants) to bind them to a settlement agreement.  *See Mobile Anesthesiologists*, 623 F.3d at 443.  This was also the defendants' "first significant defensive move," *Rates Technology*, 399 F.3d at 1307, and it "manifest[ed] an intent to submit to the court's jurisdiction," *Continental Bank*, 10 F.3d at 1297.  The defendants' act of waiting another twenty months to litigate personal jurisdiction also did not conform to the spirit of Rule 12(h), which calls for an early invocation of a personal-jurisdiction defense.  *Id.*

I believe, moreover, that the defendants themselves likely recognized that the motion to enforce the settlement agreement posed problems for their personal-jurisdiction defense, because they moved to withdraw that motion immediately before filing their second motion to dismiss for lack of personal jurisdiction.  *Compare* R. 65 (Motion to Withdraw Motion to Enforce Settlement, filed March 27, 2009); *with* R. 67 (Order granting the defendants' Motion to Withdraw, filed March 30, 2009); *and* R. 68 (Motion to Dismiss, filed April 1, 2009).  The withdrawal of the motion to enforce the settlement agreement appears to have been gamesmanship:  after unsuccessfully seeking to have the district court bind the parties to a settlement agreement, the

defendants then sought to remove this motion from the record to clear the way for a personal-jurisdiction defense.  I believe that we should reject this attempt.

∗ ∗ ∗

Because I believe that the filing of a one-sentence notice of appearance as counsel does not constitute a submission to the personal jurisdiction of the court, I cannot agree with the reasoning of the majority opinion in this case.  Yet because I would hold that the defendants' act of filing a motion to enforce a settlement agreement clearly gave the plaintiffs "a reasonable expectation that [the defendants] w[ould] defend the suit on the merits," *Mobile Anesthesiologists*, 623 F.3d at 443, I concur in the judgment.