W. SHARP, Judge.
Eller and Reade (nonresident corporate officers of Circle K Corporation), appeal from the denial of their motion to quash service of process and abate proceedings, after Allen sued them individually pursuant to the long arm statute[1] in a wrongful death action. We reverse.
Allen’s husband, Herbert, was stabbed to death during a robbery attempt at a Circle K convenience store located in Seminole County, Florida, while he was working alone on the late shift. Allen alleged her husband’s death was the result of negligent omissions in security procedures[2] while Eller was Chairman of the Board of Directors of Circle K Corporation and Reade was its President. Both Eller and Reade live and work in Arizona, and have no individual contact with the State of Florida.
The complaint apparently attempted to trigger jurisdiction under sections 48.-193(l)(b), (l)(f) or (2)[3] by alleging that Eller and Reade were negligent because they were responsible for formulating and implementing the policies of Circle K Corporation which resulted in the claimed negligent security omissions. There were no allegations that Eller or Reade engaged in any other activity which could have fallen under the ambit of the long arm statute.
Eller and Reade moved to quash service of process and abate, and filed affidavits swearing that they had not engaged in any conduct which would subject them to jurisdiction under the long arm statute, specifically denying each prong of the statute. Allen filed a *547 responsive affidavit. But it totally failed to rebut Eller’s and Reade’s affidavit.[4]
This jurisdictional issue was recently decided by the Florida Supreme Court in Doe v. Thompson, 620 So.2d 1004 (Fla.1993), citing Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989). The facts of Doe v. Thompson are indistinguishable from the facts in this case. In Doe, a night clerk working alone at a convenience store was sexually battered and sued Thompson, the nonresident President and Chief Executive Officer, in his individual capacity for gross negligence in failing to provide adequate security measures. The CEO brought a motion to abate and quash service of process, which the trial court denied.
On appeal, the supreme court held that the CEO was not individually subject to suit under the long arm statute because he was acting in his corporate capacity. Thus, the court held that the complaint was insufficient to trigger the long arm statute as to a nonresident defendant who acted solely in his corporate capacity through a corporate form in this state. The court noted that while the corporation could be haled into court because of its minimum contacts, “its chief executive officer is not, by virtue of his position subject to personal jurisdiction.”
Pursuant to Doe, the complaint in this ease fails to allege facts sufficient to trigger the long arm statute because there are no allegations that Eller and Reade acted in their personal capacity in this state. Rather, both the complaint and the affidavits indicate they acted solely in their respective corporate capacities. The distinction between a corporate officer acting on his own behalf, as opposed to acting on behalf of the corporation, was reapproved by the Florida Supreme Court in Doe v. Thompson. The latter is not subject to suit personally under the “corporate shield” or “fiduciary shield” doctrine. Doe v. Thompson.
Since, Eller and Reade were not shown to have personally committed a tortious act in Florida or engaged in any personal activity within the state, neither section 48.193(l)(b) and (2), nor section 48.193(l)(f) confer personal jurisdiction over them. Doe v. Thompson.
REVERSED and REMANDED.
HARRIS, C.J., and PETERSON, J., concur.

. § 48.193, Fla.Stat. (1989).

. Allen claimed the negligent omissions included keeping the store open for 24-hours a day, the failure to install security devices, and the failure to employ additional clerks on the late shift, even though the store was located in a high crime area and in fact had been previously robbed by the individual who killed her husband.

. Section 48.193(l)(b), Florida Statutes, reads:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
(b) Committing a tortious act within this state.
[[Image here]]
(l)(f) Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injuiy either:
1. The defendant was engaged in solicitation or service activities within this state, or
2. Products, materials, or things processed, serviced or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.
⅜ ⅜ sjs ⅜ ⅜ ⅜
(2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state whether or not the claim arises from that activity.

. The affidavit stated:
1.I know from my own personal knowledge that at the time of my husband’s death and prior to that time Circle K owned and operated numerous stores throughout the State of Florida.
2. As President and Chairman of the Board, Mr. Eller and Mr. Reade set policies and procedures and made many decisions regarding the operation of these stores.
3. Said activity on their part constitutes “substantial activity” in the State of Florida.