917 So.2d 982 (2005)
Kerry TRAMEL, Appellant,
v.
D'ANGEL BEDDING CORPORATION, et al., Appellees.
No. 3D05-1248.
District Court of Appeal of Florida, Third District.
December 28, 2005.
*983 Clarke Silverglate Campbell Williams & Montgomery and Karen H. Curtis and Maria H. Ruiz, Miami, for appellant.
Silverio & Hall, Miami, and Brian Silverio; Quintairos, Prieto, Wood & Boyer, Miami, and A. Brekka, Jr., and Harold S. Stevens, for appellees.
Before LEVY, RAMIREZ and SUAREZ, JJ.
SUAREZ, J.
Kerry Tramel ("Tramel") appeals the trial court's order denying his motion to dismiss the counts of D'Angel Bedding Corporation's ("D'Angel") suit against him individually for lack of personal jurisdiction. We reverse.
D'Angel, a South Florida mattress manufacturer, sued Oklahoma mattress manufacturer Lady Americana for breach of its exclusive licensing contract to market Lady Americana products in South Florida. D'Angel also sued Tramel, Lady Americana's Chief Financial Officer, individually for tortious interference and theft of corporate opportunity. D'Angel alleges that Tramel and Lady Americana conspired with a competitor, Dream Makers Sleep Products, Inc. ("Dream Makers"), to replace D'Angel with Dream Makers as the exclusive licensee of Lady Americana products in South Florida. The only issue presented is whether Florida courts have long-arm jurisdiction over Tramel individually.
The trial court should have dismissed the counts against Tramel in his individual capacity. D'Angel attempts to obtain personal jurisdiction over Tramel under the Florida long-arm statute, 48.193, Florida Statutes (2005), sections (1)(a),(b), and (f). In order to obtain long-arm jurisdiction, the complaint must allege sufficient jurisdictional facts to bring the action within one of the statutory requirements and the defendant's activities must also constitute sufficient minimum contacts with Florida. See Ga. Insurers Insolvency Pool v. Brewer, 602 So.2d 1264 (Fla.1992). *984 D'Angel has not met either of these requirements.
First, the Second Amended Complaint fails to allege sufficient facts against Tramel individually to bring him under one of the statutory requirements of section 48.193. Second, D'Angel failed to plead or prove the existence of Tramel's minimum contacts with Florida sufficient to satisfy due process. Tramel's two business trips to the State and communication with Florida businesses were conducted in his corporate capacity as a representative of Lady Americana and not in his individual capacity. Therefore, personal jurisdiction cannot be asserted against him. Doe v. Thompson, 620 So.2d 1004 (Fla.1993).
We reverse the trial court's order denying Tramel's motion to dismiss and remand for the trial court to dismiss D'Angel's counts against Tramel, individually, for lack of personal jurisdiction.
Reversed and remanded with directions.