SUAREZ, J.
Joseph J. Frohnhoefer, Georgia Frohn-hoefer (collectively “Frohnhoefers”) and Mitchell A. Stein (“Stein”), appeal the trial court’s order denying their motion to dismiss the suit filed against each of them individually by Duke Pontin d/b/a Spirit Towing (“Pontin”) and Sea Tow Services Florida Keys (“Sea Tow”), for lack of personal jurisdiction. We have jurisdiction, Fla. R.App. P. 9.130(a)(3)(C)®. We reverse.
Pontin, the owner of Spirit Towing, entered into a licensing agreement with Sea Tow, a New York company, whereby Pon-tin’s company would be the exclusive Sea Tow operator within certain waters off of the Florida Keys. Pontin sued Sea Tow for breach of contract in 2001, alleging that Sea Tow failed to prevent another Sea Tow franchisee from encroaching on Pontin’s exclusive territory. In the third amended complaint, Pontin added individually as defendants Sea Tow’s CEO (Joseph Frohn-hoefer), the executive vice-president (Geor *422 gia Frohnhoefer), and general counsel (Mitchell Stein), claiming against each fraud and conspiracy to commit fraud, tor-tious interference with contractual relationship (as to the Frohnhoefers only), and breach of fiduciary duty. The Frohnhoe-fers and Stein moved to dismiss the counts against them in their individual capacities alleging that the court lacked personal jurisdiction under Florida’s long-arm statute, section 48.193, Florida Statutes (2005). The trial court denied the motion to dismiss. This timely appeal followed.
Florida courts use a two-step analysis to determine whether Florida has jurisdiction over a non-resident defendant under Florida’s long-arm statute, section 48.193, Florida Statutes (2005). “First, the court must determine whether the plaintiffs complaint alleges sufficient jurisdictional facts to bring the action within the ambit of the long-arm statute. Second, it must determine whether there are sufficient minimum contacts between the defendant and Florida to satisfy the Fourteenth Amendment’s due process requirements.” OSI Indus., Inc. v. Carter, 834 So.2d 362 (Fla. 5th DCA 2003).
We find the third amended complaint alleges no basis for personal jurisdiction over the Frohnhoefers and Stein.[1] The Frohnhoefers and Stein each submitted an affidavit with their motion to dismiss. Each is a resident of New York, has never owned personal or real property in Florida, and has never had a Florida driver’s license, owned or operated a business in Florida, solicited business on their own behalf in Florida, or performed services or sold goods in Florida. Pontin filed an affidavit in response stating that he negotiated the Sea Tow contract with the Frohn-hoefers and entered into a contract and other written agreements with Sea Tow that Stein drafted. Pontin also alleges that Stein has communicated with other Sea Tow operators in Florida and that Frohnhoefers had previously been involved in Florida lawsuits.
The so-called “corporate shield” doctrine protects a non-resident corporate representative from being sued in Florida for acts or omissions performed on behalf of the corporation. See Doe v. Thompson, 620 So.2d 1004 (Fla.1993). All of the acts alleged against the Frohnhoefers and Stein in the third amended complaint were acts committed by them in their corporate capacities on behalf of the Sea Tow company. None of the allegations rise to the level that would remove the corporate shield protection.[2] In addition, Pontin has failed to meet the second prong minimum contacts requirement of the analysis. The third amended complaint fails to plead the existence of any contact between the Frohnhoefers or Stein and the State of Florida such as to satisfy federal due process requirements. Tramel v. D’Angel, 917 So.2d 982 (Fla. 3d DCA 2005)(insufficient facts to satisfy the statutory requirements of section 48.193, Florida Statutes, and insufficient allegation of minimum contacts where corporate officer made two business trips to Florida in his corporate capacity.)
Reversed and remanded.

. No party disputes that there is jurisdiction over Sea Tow.

. For example, in the third amended complaint for fraud and conspiracy to commit fraud, the allegations are that Sea Tow International, by and through its officers and directors and Stein, as general counsel made certain false representations.