LEWIS, J.
This case is before the Court for review of the decision of the Fourth District Court of Appeal in Hurt v. Kitroser, 50 So.3d 62 (Fla. 4th DCA 2010). The district court ruled upon the following question, which it certified to be of great public importance:
WHERE AN INDIVIDUAL, NONRESIDENT DEFENDANT COMMITS NEGLIGENT ACTS IN FLORIDA ON BEHALF OF HIS CORPORATE EMPLOYER, DOES THE CORPORATE SHIELD DOCTRINE OPERATE AS A BAR TO PERSONAL JURISDICTION IN FLORIDA OVER THE INDIVIDUAL DEFENDANT?
Id. at 67. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
This case arises from a fatal automobile-truck collision. Rhina M. Castro Lara (Castro Lara) was killed when an Airgas Carbonic, Inc. (Airgas) employee, Dale Dickey (Dickey), negligently operated a commercial truck which struck her automobile on Highway 27 south of Lake Okeechobee in Palm Beach County. Mitchell Kitroser, as personal representative of the estate of Castro Lara, and other individu *1086 als (collectively Kitroser)[1] filed an action against Airgas, a foreign corporation, and Dickey. Kitroser amended the complaint to include five additional Airgas employees as defendants: Robert Hurt, Michael Weis, Kenneth Beck, Perry Brock, and Randy Moore (collectively Airgas employees). Kitroser alleged that these individuals were personally responsible for the death of Castro Lara because, as a result of their personal supervision or training of Dickey, which occurred in Florida, they knew or should have known that Dickey was a careless and dangerous driver. The trial court determined that Florida’s long-arm statute, section 48.193, Florida Statutes (2011), provided a basis for personal jurisdiction over the Airgas employees in Florida. On appeal, the district court reversed and remanded with instructions that the trial court order denying the Air-gas employees’ motions to quash service of process and dismiss for lack of jurisdiction be vacated and also certified the previously quoted question. We answer the certified question in the negative and quash the decision of the district court below.
Facts
Kitroser alleged uncontested jurisdictional facts in his complaint. The Airgas employees allegedly committed tortious acts while personally present at the Airgas business facility located in Bartow, Florida. Robert Hurt, the vice president of distribution and logistics at the Bartow facility, allegedly acted negligently in training, supervising, and retaining Dickey by allowing him to continue to drive an Airgas truck after receiving information that he was unfit to drive. Kitroser alleged similar tortious acts with regard to Michael Weis and Kenneth Beck, managers at the Bartow facility. Kitroser alleged that Perry Brock, the director of safety at the Bartow facility, negligently trained and supervised Dickey. Randy Moore, a safety manager at the Bartow facility, was alleged to have engaged in the same tortious acts as Brock. Moore was also alleged to have had direct control and responsibility over Dickey at the Bartow facility. All of the Airgas employees were alleged to be residents of either Georgia or Texas at the time of the incident and all negligent acts were alleged to have been personally committed within Florida.
Each Airgas employee filed a motion to quash service of process and dismiss the complaint. They asserted that because their actions were taken on behalf of Air-gas, rather than for their own personal benefit, the corporate shield doctrine precluded personal jurisdiction over them in Florida even though the negligent conduct occurred in Florida. The affidavits filed in support of the motions to dismiss provided the following reasons why personal jurisdiction over the Airgas employees in Florida was not proper: they reside outside of Florida; they do not own, lease, or rent real estate in Florida; they do not have telephone listings in Florida; they do not have post office boxes or other delivery sites in Florida; they do not own or maintain bank, brokerage, investment, or other financial accounts in Florida; they lack tax liability in Florida; they do not possess Florida driver’s licenses; they do not own, lease, rent, or maintain vehicles, watercraft, or aircraft registered in Florida; they lack any professional or vocational licenses issued by the state of Florida; and they are not registered voters in Florida. Importantly, the allegations that each of the individual employees committed negligent acts while personally present in Florida were not controverted.
*1087 Analysis
In Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989), we outlined a two-step inquiry to determine whether long-arm jurisdiction extends over a nonresident defendant. First, a court must determine whether sufficient jurisdictional facts are alleged to bring the action within the ambit of Florida’s long-arm statute. See id. If the first step of the inquiry is satisfied, a court must then determine whether the defendant has sufficient “minimum contacts” with the state to satisfy the Fourteenth Amendment’s due-process requirements. See id. To satisfy such constitutional requirements, a court must determine that “the defendant’s conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there.” World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).
The first step of the Venetian Salami analysis may involve a burden shift. First, the plaintiff must plead the basis for personal jurisdiction pursuant to the applicable long-arm statute — here, section 48.193. See Venetian Salami, 554 So.2d at 502. If the plaintiff satisfies this requirement, a defendant who wishes to challenge personal jurisdiction must provide admissible evidence that refutes the essential jurisdictional facts set forth in the plaintiffs complaint. See id. If a defendant fully refutes the jurisdictional allegations, then the burden shifts back to the plaintiff to prove the basis for jurisdiction. See id.
Florida’s long-arm statute, in relevant part, states:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself ... to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
(b) Committing a tortious act within this state.
[[Image here]]
(f) Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:
1. The defendant was engaged in solicitation or service activities within this state; or
2. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.
§ 48.193(1), Fla. Stat. (2011) (emphasis supplied).
In the instant case, we need only address the issue of whether Kitroser has satisfied the first step of the Venetian Salami jurisdiction analysis with regard to the Airgas employees.[2] We need not address the second step of the inquiry because the material facts were not contested. The crux of the Airgas employees’ argument is that Kitroser cannot allege sufficient jurisdictional facts because the employees were not acting for personal benefit or “personally” in Florida. As corporate employees, the Airgas employees *1088 contend that they acted only in pursuit of corporate interests while in Florida rather than their own personal interests, and even though they engaged in actions and conduct within Florida, the exercise of personal jurisdiction in Florida was precluded.
In Doe v. Thompson, 620 So.2d 1004, 1005 (Fla.1993), this Court addressed the concept of an individual acting “personally” in-state as required by section 48.193. In Doe, we held that the defendant did not act “personally” within the state when the employee did not act physically in Florida, “did not personally operate a business in Florida, did not commit a tortious act in Florida, or cause injury in Florida.” Id. at 1006 (emphasis supplied).
The “corporate shield” doctrine, also referred to as the “fiduciary shield” doctrine, provides that acts performed by a person exclusively in his corporate capacity not in Florida but in a foreign state may not form the predicate for the exercise of personal jurisdiction over the employee in the forum state. See Doe, 620 So.2d at 1006 (noting that a nonresident corporate employee will not be haled into a Florida court by virtue of his position when that individual has not been in Florida)-, see also Marine Midland Bank v. Miller, 664 F.2d 899, 902 (2d Cir.1981). The rationale behind the corporate shield doctrine is that it may be unfair to force an individual to defend an action filed against him personally in a forum with which his only relevant contacts are acts performed totally outside the forum state and not for his own benefit but for the exclusive benefit of his employer. See Marine Midland, 664 F.2d at 902; see also Doe, 620 So.2d at 1006; Rensin v. State, 18 So.3d 572, 574 (Fla. 1st DCA 2009); Frohnhoefer v. Pon-tin, 958 So.2d 420, 422 (Fla. 3d DCA 2007).[3]
Here, the parties dispute when the doctrine applies to shield nonresident corporate defendants from operation of Florida’s long-arm statute. Kitroser contends that the doctrine’s application is dependent upon the physical location of the actor. Kitroser argues that if an individual commits a tortious act while present in the state of Florida, that individual may be haled into a Florida court regardless of employment status. The Airgas employees contend that the exclusive relevant inquiry is whether the actions occurred within the scope of employment and thus on behalf of the corporation. Under this theory, whether tortious acts were actually committed in Florida becomes irrelevant if the corporate shield doctrine is triggered. Precedent establishes that the former analysis is correct and that the position of these defendants is misdirected.
In Doe, this Court held that Florida courts did not have jurisdiction over a nonresident corporate defendant who stated in his affidavit that he did not commit a tortious act or personally cause injury in Florida. See 620 So.2d at 1006. In that case, the plaintiff, a clerk in a convenience store, had filed an action in Florida against Thompson, the president and chief executive officer of a corporation, in his personal capacity based upon conduct committed outside of Florida. See id. at 1005. The plaintiff had been sexually assaulted while working at a convenience store owned by the corporation. See id. The plaintiff alleged that Thompson had been grossly negligent in his failure to take adequate security measures to make the convenience store reasonably safe, and as a con *1089 sequence, Thompson was responsible for the alleged decisions he had made outside Florida -within the scope of his employment. See id. at 1005-06.[4] This Court held, however, that Thompson, who filed an affidavit stating that he did not “personally do anything in Florida,” id. at 1006 (emphasis omitted), could not be haled into court here solely “by virtue of his position.” Id. In support of this holding, this Court concluded that Thompson’s out-of-state activities alone did not form a predicate for in-state jurisdiction. See id.
Similarly, in Eller v. Allen, 623 So.2d 545, 547 (Fla. 5th DCA 1993), the Fifth District Court of Appeal held that personal jurisdiction over Eller and Reade, nonresident corporate officers, did not properly exist when the plaintiff failed to allege any facts indicating that Eller and Reade had personally engaged in any activity within the state of Florida. The plaintiff alleged that Eller and Reade’s formulation and implementation of corporate polices only outside of Florida resulted in negligent security omissions that contributed to the death of her husband. See id. at 546. The Eller court held that the plaintiffs allegations were insufficient to bring Eller and Reade personally within the scope of Florida’s long-arm statute because the plaintiff had introduced no evidence that either of the defendants had personally committed any tortious act in Florida or engaged in any personal activity within the state. See id.; see also Clement v. Lipson, 999 So.2d 1072, 1075-76 (Fla. 5th DCA 2008) (noting that apart from an initial meeting, defendant did not conduct business in Florida or commit a tort in Florida; thus, personal jurisdiction over defendant was not proper); Carter v. Estate of Rambo, 925 So.2d 353, 356 (Fla. 5th DCA 2006) (holding that the trial court did not have personal jurisdiction over the defendant, the managing member of a health group, because plaintiff never established that the defendant committed any tortious acts in Florida).
Here, Kitroser has alleged without controversion that while the Airgas employees were personally in Florida, each engaged in some form of negligent conduct, either by training or supervision of Dickey or both, which contributed to Castro Lara’s death. The Airgas employees do not contest that they were in Florida, nor do they contest that they engaged in some form of conduct, training, or supervision of Dickey in Florida. The corporate shield doctrine, therefore, is inapplicable and does not exclude the Airgas employees from the exercise of personal jurisdiction by Florida courts.
Our precedent and the statutory language of section 48.193 have never suggested that an actor who is present in Florida and commits tortious acts in-state is excepted from personal jurisdiction because he or she works on behalf of a corporation. Rather, our case law holds that a nonresident employee-defendant who works only outside of Florida, commits no acts in Florida, and has no personal connection with Florida will not be subject to the personal jurisdiction of Florida courts simply because he or she is a corporate officer or employee. The explicit language of section 48.193(l)(b) clearly establishes that if one is personally present in Florida and commits a tort in Florida, one is subject to the personal jurisdiction of Florida courts.[5] Accordingly, we disapprove the decisions in Radeliffe v. Gyves, 902 So.2d 968 (Fla. 4th DCA 2005), and *1090 Snibbe v. Napoleonic Society of America, 682 So.2d 568 (Fla. 2d DCA 1996), to the extent they may suggest that nonresident corporate defendants will not be subject to Florida’s long-arm statute despite acting tortiously in Florida because their acts were performed on behalf of corporate employers.
Where an individual, nonresident defendant commits negligent acts in Florida, whether on behalf of a corporate employer or not, the corporate shield doctrine does not operate as a bar to personal jurisdiction in Florida over the individual defendant. Jurisdiction properly applies to “any person” who commits torts “within this state.” § 48.193, Fla. Stat. (2011). To hold otherwise would be tantamount to providing corporate employees with a form of diplomatic immunity and would abolish the legislative goal inherent in adopting a long-arm jurisdictional statute: to provide an in-state forum to hold those responsible who commit negligent acts in Florida. Florida courts have personal jurisdiction over nonresident defendants whose alleged negligent acts occur in-state irrespective of whether these acts occurred for the benefit of a corporate employer. The plaintiffs allege that the Airgas employees acted tortiously within Florida, and the Airgas employees do not refute these allegations. We conclude, therefore, that the Airgas employees here are subject to the personal jurisdiction of Florida courts pursuant to section 48.193. Accordingly, we answer the certified question in the negative and quash the decision below.
It is so ordered.
CANADY, C.J., and PARIENTE, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.

. Plaintiffs include Kitroser, Benigno Rodriguez (stepfather of Castro Lara), Gloria Rodriguez (mother of Castro Lara), and Felicita Lara (sibling of Castro Lara).

. Personal jurisdiction over Airgas is not contested. Airgas acknowledges that it was conducting business in Florida at the time of the accident, and thus Kitroser properly established that the court had personal jurisdiction over the corporation.

. An exception to the corporate shield doctrine limits the scope of the doctrine’s protection. Specifically, a corporate officer who commits fraud or other intentional misconduct outside of Florida may be subject to personal jurisdiction. See Doe, 620 So.2d at 1006; Oesterle v. Farish, 887 So.2d 412 (Fla. 4th DCA 2004).

. The Doe Court noted that the plaintiff focused on Thompson’s deposition statement that at the company "the buck stops here.” See Doe, 620 So.2d at 1006.

. See Hurt v. Kitroser, 50 So.3d 62, 68 (Fla. 4th DCA 2010) (Farmer, J., dissenting) (noting that the Fourth District’s decision departs from the statutory language of section 48.193).