FARMER, J.
We reverse a nonfinal order denying a motion to dismiss for lack of personal jurisdiction.
The parties entered into a contract whereby E-Pawn agreed to exchange all of its stock for a 19% interest in each of Shoppers Online and Freebees. The parties also entered into a management services agreement whereby Shoppers Online and Freebees agreed to pay E-Pawn a monthly retainer of $10,000 for administrative and design services. E-Pawn tendered $100,000 and 2,000,000 shares of its stock, but Shoppers Online and Freebees failed to close or deliver the promised shares of their own stock. E-Pawn sued, alleging breach of contract, conversion, fraud and civil theft based upon the use of E-Pawn’s stock and cash as collateral for a third-party loan to defendant Martucci. The defendants filed a verified motion to dismiss in which Martucci, the president of both companies, testified as to facts contesting jurisdiction. At the hearing on the motion, E-Pawn argued that the trial court had long-arm jurisdiction over mov-ants based on the agreement of the parties: specifically under the stock exchange agreement defendants breached a duty to deliver stock to E-Pawn in Florida; and under the management agreement, E-Pawn was to perform management services for movants in Coral Springs. The trial court denied the motion.
Under Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989), there are two inquiries as to whether personal jurisdiction exists over a non-resident. First, the complaint must allege sufficient jurisdictional facts to bring the action within the ambit of one of the various provisions of Florida’s long-arm statute. See § 48.193, Fla. Stat. (2000). Second, if the complaint properly alleges long-arm jurisdiction, there must be such “minimum contacts” as to satisfy the requirements of the Due Process Clause. See U.S. Const., amend. 14. The cornerstone of “minimum contacts” analysis is whether defendant’s conduct and connection with Florida are such that he should reasonably anticipate being sued here. World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 287, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).
In Washington Capital Corp. v. Milandco, Ltd., Inc., 695 So.2d 838 (Fla. 4th DCA 1997), we explained the Venetian Salami process as follows:
“Plaintiff bears the initial burden of pleading the basis for service under the long-arm statute. The plaintiff may allege the basis for service either by utilizing the language of the statute without *617 pleading supporting facts, or by alleging specific facts demonstrating that the defendant’s actions fit within one or more of the subsections of section 48.193, Florida’s long-arm statute.
“If the allegations of the complaint are sufficient to establish Florida’s long-arm jurisdiction, the burden shifts to the defendant to contest jurisdiction by a legally sufficient affidavit or other similar sworn proof contesting the essential jurisdictional facts. The burden then returns to the plaintiff who must, by affidavit or other sworn statement, refute the proof in the defendant’s affidavit. The failure of a plaintiff to refute the allegations of the defendant’s affidavit requires that a motion to dismiss be granted, provided that the defendant’s affidavit properly contested the basis for long-arm jurisdiction by legally sufficient facts.” [c.o.]
695 So.2d at 840.
In this case, the affidavit of Matucci swore that: the defendant corporations neither maintained offices in Florida, conducted any business in Florida, availed itself of any privileges of conducting activities either in Florida, nor directed itself toward Florida or its residents to perform any related activities.[1] The affidavit attested that movants were New Jersey corporations with offices in New Jersey only; that none of the movants maintain offices in Florida; none of the movants solicit business in Florida; that the agreements attached to the pleadings were negotiated and executed by the president of E-Pawn in movants’ offices in New Jersey; that E-Pawn conducts its business from its corporate office in New Jersey; and that no dealings at all with E-Pawn occurred in Florida nor were the agreements negotiated or executed in Florida.
E-Pawn did not attempt by live testimony or affidavit to refute the evidence in movants’ affidavit as to their lack of sufficient contacts with Florida to be sued here. Instead E-Pawn simply argued that movants never closed the sale in Coral Springs and that E-Pawn was to perform services under the management services agreement in Coral Springs. In light of the one-sided evidence, however, it was error for the court to deny the motion. Movants established their entitlement to have the complaint dismissed for lack of jurisdiction because they lack sufficient contacts with Florida.
REVERSED.
GUNTHER and SHAHOOD, JJ., concur.

. He also swore that the corporations were not required by contract to perform any acts in Florida, but that assertion may amount to a legal interpretation of the contract, which of course may not be a proper function of an affidavit contesting long-arm jurisdiction. In concluding that the affidavit effectively shifted the burden to plaintiff to contest the facts established by movants’ affidavit, we do not rely on that particular assertion.