903 So.2d 968 (2005)
Kyle R. BROWN, Appellant,
v.
NOVA INFORMATION SYSTEMS, INC., et al., Appellee.
No. 5D04-3774.
District Court of Appeal of Florida, Fifth District.
April 29, 2005.
Rehearing Denied June 21, 2005.
Joel I. Rosenblatt, Indialantic, for Appellant.
Carla L. Brown Harward of Law Offices of Carla L. Brown Harward, A Professional Association, West Palm Beach, for Appellee.
PETERSON, J.
Kyle R. Brown, a current resident of Texas, appeals a non-final order denying his motion to dismiss for lack of personal jurisdiction.
From August 2001, through August 2002, Brown lived in Florida and worked as the president of BigDot 1, Inc., a Texas Corporation, ("BigDot"). BigDot received an alleged fraudulent transfer of funds from Yackity Yak Telecom, Inc., ("Yackity Yak"), a judgment debtor of Nova Information Systems, Inc., ("Nova"). The judgment against Yackity Yak was entered after it defrauded Nova out of $350,582.82 in 3,417 credit card transactions.
*969 Nova alleged that Brown was involved in a conspiracy with others to transfer and conceal the transfer of funds from Yackity Yak to BigDot in order to render the judgment debtor unable to pay Nova's judgment against it, in violation of Florida's Uniform Fraudulent Transfer Act, section 726.106, Florida Statutes (2004). Nova alleged that Brown resided in Florida at times material to its action; that he operated, conducted, engaged in or carried on a business or business venture in Florida; and that pursuant to section 48.193(1)(a), (1)(b), and (2), he was subject to personal jurisdiction.
Brown filed a motion to dismiss for lack of personal jurisdiction, which the trial court denied without comment.
Section 48.193(1)(a), (1)(b), and (2), Florida Statutes (2004), provides:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
(b) Committing a tortious act within this state.
(2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.
Brown is not subject to personal jurisdiction in Florida, pursuant to section 48.193, because:
1. Brown resides in Texas and is not presently operating, conducting, engaging in or carrying on a business or business venture in Florida; nor does he have any office or agency in Florida, as required by section 48.193(1)(a). Additionally, Nova appears to have abandoned this ground on appeal since no mention of it was made in its answer brief.
2. Brown is not committing a tortious action in this state. Contrary to Nova's assertion that conspiracy to violate Florida's Uniform Fraudulent Transfer Act is a tort giving rise to long-arm jurisdiction, a fraudulent conveyance claim has been held not to be a tort for purposes of establishing personal jurisdiction under section 48.193(1)(b). See Beta Real Corp. v. Graham, 839 So.2d 890 (Fla. 3d DCA 2003); see also Freeman v. First Union Nat'l Bank, 865 So.2d 1272 (Fla.2004) (recognizing that Florida's Uniform Fraudulent Transfer Act only permits creditors to set aside fraudulent transfers, and that there is no language in the Act to suggest a legislative intent to create an independent tort for damages).
3. Brown is not now engaged in substantial and not isolated activity within Florida as required by section 48.193(2).
Accordingly, we must reverse the trial court's order denying Brown's motion to dismiss for lack of personal jurisdiction, and leave it to the Legislature to remedy what appears to be an oversight in the enactment of the legislation.
REVERSED.
SAWAYA, C.J., and MONACO, J., concur.