PALMER, J.
Airamid Health Services, LLC n/k/a/ Airamid Health Consulting, LLC (Airamid Health) timely appeals the non-final order entered by the trial court summarily denying its motion to quash service and/or dismiss The Anita Sechler Family Trust’s (Trust) complaint for lack of personal jurisdiction. Because the trial court erred in failing to conduct an evidentiary hearing, we reverse.[1]
Trust filed a lawsuit against several defendants, alleging that Anita Sechler sustained injuries during her residency at Evergreen Woods (Nursing Home). Airamid Health, a Delaware limited liability company, is the only defendant involved in this appeal. In its complaint, Trust alleged the following jurisdictional facts:
[Airamid Health] is a Delaware limited liability company, with its principal place of business at 1765 Palm Beach Lakes Blvd., Suite 900, West Palm Beach, Florida 33401, which is doing business in Florida.
[Airamid Health] owns and operates Air-amid Florida, LLC.
[Airamid Health] conducted and engaged in business activities within the State of Florida; engaged in substantial and not isolated activities within the State of Florida; and purposely availed itself of the privileges of the State of Florida, through its ownership of, and/or consultation with nursing homes, including [Nursing Home], within the State of Florida. Accordingly, pursuant to Florida Statute Section 48.193, [Airamid Health] is subject to the jurisdiction of the courts of the State of Florida.
[Airamid Health] committed tortious acts against Anita D. Sechler in the State of Florida. Each tortious act is specifically alleged in the subsequent counts, which include violations of Chapter 400, common law, and Chapter 415. Accordingly, pursuant to Florida Statute § 48.193(l)(b), [Airamid Health] is subject to the jurisdiction of the Courts of the State of Florida.
Airamid Health moved to quash service and/or dismiss the complaint for lack of personal jurisdiction. To support the motion, Airamid Health submitted an affidavit by Debra Howe, an officer of Airamid Health. The affidavit states, in relevant part, the following:
[Airamid Health] is a Delaware limited liability company.
[Airamid Health] does not have a principal place of business in Florida.
[Airamid Heath] is not doing business in Florida and is not qualified to do business in Florida.
[Airamid Health] is not a managing member of Airamid Florida, LLC.
[Airamid Health] does not own, lease, operate, manage, or consult with nursing homes, including [Nursing Home], in Florida.
[Airamid Health] did not operate [Nursing Home] during Anita Sechler’s residency or at any time.
In response, Trust submitted deposition testimony of Howe (which had been submitted in other nursing home actions), as well as Airamid Health’s corporate filings in Florida. These documents indicated that Howe provided testimony in her affidavit which contradicted her deposition testimony since, in her deposition, Howe *553 stated that Airamid Health is the managing member or manager of two resident subsidiaries, Airamid Health maintains its principal place of business in Florida, and Airamid Health applied for and received authorization to transact business in Florida.
The trial court summarily denied Airam-id Health’s motion to quash service and/or dismiss for lack of personal jurisdiction. This appeal timely followed.
Airamid Health contends that the trial court erred in denying its motion to quash service and/or dismiss the complaint for lack of personal jurisdiction because Trust has not sufficiently established that personal jurisdiction is proper over Airam-id Health. We agree.
A ruling on a motion to dismiss for lack of personal jurisdiction is reviewed de novo. Clement v. Lipson, 999 So.2d 1072, 1074 (Fla. 5th DCA 2008) (citing Wendt v. Horowitz, 822 So.2d 1252, 1256 (Fla.2002)); Extendicare, Inc. v. Estate of McGillen, 957 So.2d 58 (Fla. 5th DCA 2007) (citing Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989)).
Establishing jurisdiction over a nonresident defendant is a two-part process. First, the complaint must allege sufficient jurisdictional facts to bring the nonresident defendant within the ambit of Florida’s long arm statute. Section 48.193, Florida Statutes, provides the following ways to obtain jurisdiction over a nonresident person:
48.193 Acts Subjecting Person to Jurisdiction of Courts of State
(l)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
2. Committing a tortious act within this state.
[[Image here]]
(2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.
§ 48.193(l)(a)l.-2.; (2), Fla. Stat. (2012).
Second, the court must determine whether the defendant has sufficient minimum contacts with Florida in order to satisfy constitutional due process. Int’l Shoe Co. v. State of Wash., 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Clement, 999 So.2d at 1074. Due process is satisfied where the foreign defendant would reasonably anticipate being haled into a Florida court. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); Doe v. Thompson, 620 So.2d 1004, 1005 (Fla.1993). If the defendant’s activities meet the requirements of section 48.193(2), the due process requirement of minimum contacts is fulfilled. See Schwartzberg v. Knobloch, 98 So.3d 173, 178 (Fla. 2d DCA 2012).
A defendant challenging the jurisdictional allegations in a complaint or raising a contention of insufficient minimum contacts must file an affidavit in support of his position. Clement, 999 So.2d at 1075; Doe, 620 So.2d at 1005 (citing Venetian Salami, 554 So.2d at 500). If the *554 affidavit fully refutes the complaint’s jurisdictional allegations, the burden then shifts to the plaintiff to show, by counter-affidavit or other evidence,[2] the basis upon which jurisdiction is proper. Clement, 999 So.2d at 1075. If the facts cannot be harmonized, then the trial court must hold a limited evidentiary hearing on the issue of jurisdiction. Id.
In the instant case, Airamid Health does not argue that Trust failed to allege sufficient jurisdictional facts to bring Airamid Health within the ambit of the long arm statute, but instead, argues that Trust failed to refute the jurisdictional challenge presented in its affidavit. However, the certified transcripts of Howe’s deposition testimony in the other nursing home actions directly contradicted the statements that Howe made in Airamid Health’s affidavit. Additionally, Trust submitted two sets of corporate documents that Howe filed in Florida on behalf of Airamid Health. Trust noted that all state business filings are filed under penalty of perjury pursuant to section 608.408, Florida Statutes. The first set of corporate filings showed that Airamid Health applied to transact business in Florida and that Air-amid Health is the “managing member or manager” of a resident subsidiary, Airamid Health Management, LLC. In each of these filings, Airamid Health listed a Florida address as its “principal office” and “usual place of business.” The second set of filings showed that Airamid Health is the managing member or manager of another resident subsidiary, Airamid Financial Services, LLC, and that the resident subsidiary was authorized to transact business in Florida. These filings show not only that the resident subsidiaries maintain their “usual place of business” in Florida, but also that the address for the resident subsidiaries is the same address as the nonresident parent, Airamid Health.
Trust concedes that Howe submitted an errata sheet, in which she stated that the information that she received from corporate counsel made it necessary for her to change her deposition answers. Consequently, those changes contradicted her sworn testimony. Howe also stated that the Florida business addresses for Airamid Health were inaccurate and the corporate documents were inadvertently filed. Trust notes that, in spite of Howe’s assertion that the Florida addresses were inadvertently filed, Airamid Health’s Florida address is currently reported as “active” by the Florida State Division of Corporations.
Given the contradictory evidence existing in the record, the trial court was required to conduct a limited evidentiary hearing to determine whether Trust met its burden of proving jurisdiction over Air-amid Health. See Shoppers Online Inc. v. E-Pawn, 792 So.2d 615 (Fla. 4th DCA 2001) (holding that a trial judge should hold a limited evidentiary hearing on the issue of jurisdiction if the facts in the respective affidavits cannot be harmonized). Accordingly, we reverse the trial court’s denial of Airamid Health’s motion to quash process and/or dismiss for lack of personal jurisdiction and remand to the trial court to conduct a limited evidentiary hearing to determine whether jurisdiction over Airamid Health is proper.
REVERSED and REMANDED.
EVANDER and BERGER, JJ., concur.

. Jurisdiction is proper pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i).

. Other evidence may include deposition transcripts or any other sworn proof. See Clement, 999 So.2d at 1075; Wendt, 822 So.2d at 1255; Instrumentacion, Ltda. v. Philips Electronics N. Am. Corp., 951 So.2d 1001, 1002 (Fla. 3d DCA 2007).