DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BRIAN MCLANE,**
Appellant,

v.

**THE AUTOMOTIVE RESOURCE NETWORK HOLDINGS, INC.**, n/k/a
**NATIONWISE CAPITAL VENTURES, INC.**, a Florida corporation,
**NOSTEGO, LLC**, a Delaware limited liability company, **LARRY ROLEN**,
an individual, and **SAFEDATA TRUST, INC.**, a Tennessee corporation,
Appellees.

No. 4D15-107

[November 4, 2015]

Appeal of a non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John J. Murphy, III, Judge; L.T. Case No. 14-8783 (04).

Raymond C. Carr and Joshua Magidson of MacFarlane Ferguson & McMullen, P.A., Clearwater, for appellant.

No brief filed for appellees.

PER CURIAM.

Brian McLane appeals a non-final order denying his Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction. We agree that the evidence was insufficient to show that McLane had sufficient minimum contacts with Florida, and the motion should have been granted.

McLane, a Kentucky resident, is a managing member of Nostego, LLC, a Delaware company with its principal place of business in Kentucky. In a December 2012 purchase agreement, Nostego agreed to sell 245,000 unique gift card codes to The Automotive Resource Network Holdings, Inc. ("ARNH"). ARNH is a Florida limited liability company with its principal place of business in New York.

A January 2013 Letter of Agreement between Nostego and SafeData Trust, Inc. indicated that Nostego would receive the cards from SafeData Trust, and ARNH would be the authorized reseller under a separate

agreement with Nostego.

In May 2014, ARNH filed a complaint in Broward County against Nostego, McLane, and other defendants for rescission, declaratory relief, injunction, and breach of contract. An amended complaint was filed in September 2014. The only counts against McLane are for breach of contract (third party beneficiary) and fraud in the inducement. The amended complaint alleged McLane committed a tortious act in this state, breached a contract by failing to perform acts that the contract required to be performed in this state, and engaged in substantial, and not isolated activity in this state. The amended complaint alleged venue was proper here because the cause of action accrued in Broward County, and based on a venue provision in the purchase agreement.

McLane filed his motion to dismiss and a supporting affidavit. He argued that he was not a party to the purchase agreement, and ARNH did not show that he operated a business venture in the state or that he committed a tort in the state. He alleged that he signed the contracts as a managing member of Nostego and denied that he personally paid for the gift card codes. He stated that the contract negotiations did not occur in Florida, and he did not conduct any individual business with ARNH.

ARNH did not file an affidavit to rebut McLane's affidavit contesting jurisdiction.

At the hearing on his motion, McLane reiterated that the allegations of fraud in the inducement in the amended complaint do not indicate that his alleged false statements were made in Florida. He argued the communication with ARNH occurred in New York, and introduced corporate filings to show ARNH's principal place of business in 2012 and 2013 was New York.

ARNH responded that its articles of incorporation going back to 1997 show a registered office in Ft. Lauderdale.

ARNH believes Nostego is McLane's alter ego and that he formed the company only after signing the purchase agreement with ARNH. ARNH alleged a fraud occurred when McLane represented that he already had paid for these cards when he did not have them to sell. The cards never were provided, and they since have expired.

The trial court denied the motion to dismiss without explanation.

The allegations in the amended complaint do not show that McLane

committed a tort in Florida or that he failed to perform a contractual obligation that he was personally required to perform in Florida. But, even if the amended complaint sufficiently pleaded a cause of action and properly alleged personal jurisdiction as to McLane, ARNH did not provide an affidavit or any evidence that refuted McLane's affidavit. *See Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502–03 (Fla. 1989); *Votaw v. Watkins*, 660 So. 2d 1171 (Fla. 4th DCA 1995) (holding that the trial court erred in denying a motion to dismiss where plaintiff did not refute the proof in defendants' affidavits contesting jurisdiction either by affidavit or at an evidentiary hearing). Reiterating factual allegations in a complaint does not meet the plaintiff's burden to substantiate its jurisdictional allegations once the defendant's affidavit makes a prima facie showing that the long-arm statute does not apply. *Electro Eng'g Prods. Co. v. Lewis*, 352 So. 2d 862, 864 (Fla. 1977); *Shoppers Online, Inc. v. E-Pawn, Inc.*, 792 So. 2d 615 (Fla. 4th DCA 2001).

Accordingly, we reverse and remand for the trial court to grant McLane's motion to dismiss.

*Reversed and Remanded.*

CIKLIN, C.J., STEVENSON and GROSS, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**