Kuntz, J.
Imerys Talc America, Inc. appeals an order denying its motion to dismiss a products liability action for lack of personal jurisdiction. Imerys is a Delaware corporation with its principal place of business in California. Imerys did not have contacts with Florida, either generally or specifically related to the actions leading to the complaint. As a result, Imerys is not subject to personal jurisdiction in Florida, and we reverse the circuit court's order.
Background
Judith Ricketts filed a seven-count complaint against Johnson & Johnson, Johnson & Johnson Companies, Inc., Imerys, and Publix Super Markets, Inc. Ricketts sought "recovery for damages as a result of developing ovarian cancer, which was directly and proximately caused by the wrongful conduct of the Defendants, the unreasonably dangerous and defective nature of talcum powder, and the associated effects of developing ovarian cancer."
Imerys moved to dismiss for lack of personal jurisdiction. Relevant to the personal jurisdiction issue, the complaint stated:
At all material times, the Defendant, IMERYS TALC AMERICA, INC. F/K/A LUZENAC AMERICA, INC., was and is a Delaware corporation, with its principal place of business in California.
At all material times, the Defendant, IMERYS TALC AMERICA, INC. F/K/A LUZENAC AMERICA, INC. was engaged in the business of mining and distributing talcum powder for use in talcum powder based products, including the PRODUCT. Imerys Talc is the successor or continuation of Luzenac America, Inc., and Imerys Talc America, Inc. is legally responsible for all liabilities incurred when it was known as Luzenac America, Inc.
* * *
At all material times, all above Defendants were engaged in the research, development, manufacture, design, testing, sale and marketing of the PRODUCT, and placed such products into the stream of commerce with knowledge and intent that such products be sold in the State of Florida.
* * *
The Defendant, IMERYS TALC AMERICA, INC. F/K/A LUZENAC AMERICA, INC., has substantial and not isolated contact with the State of Florida and is subject to the general jurisdiction of the Florida courts.
Imerys argued the complaint failed to establish general or specific personal jurisdiction over it. In support of its lack of contacts with Florida, Imerys also filed an affidavit of its director of engineering and quality.
The affidavit stated that Imerys "does not mine talc in Florida," "does not directly sell talc to [Johnson & Johnson] in *802 Florida," "does not directly ship talc to [Johnson & Johnson] in Florida," and "does not directly distribute talc to [Johnson & Johnson] in" the state. Ricketts did not file an affidavit in response to Imerys's motion to dismiss or in support of personal jurisdiction.
The circuit court held a hearing on Imerys's motion and concluded the hearing by stating that "this Court will follow the Florida Supreme Court and not the Supreme Court of the United States in this particular case." The court issued an order denying Imerys's motion.
Analysis
Determining whether a court can exercise personal jurisdiction over a defendant involves a two-step inquiry. Venetian Salami Co. v. Parthenais , 554 So.2d 499, 502 (Fla. 1989) (citing Unger v. Publisher Entry Serv., Inc. , 513 So.2d 674, 675 (Fla. 5th DCA 1987), rev. denied , 520 So.2d 586 (Fla. 1988) ). The court must determine whether the allegations in the complaint bring the action within Florida's long-arm statute and, if so, whether sufficient "minimum contacts" exist between the non-resident defendant and Florida to satisfy due process. Id. (citing Unger , 513 So.2d at 675 ).
Personal jurisdiction can be general or specific. Rolls-Royce, PLC v. Spirit Airlines, Inc. , 239 So.3d 709, 713 (Fla. 4th DCA 2018) (citing Marina Dodge, Inc. v. Quinn , 134 So.3d 1103, 1106-07 (Fla. 4th DCA 2014) ).
General personal jurisdiction allows a court to hear any claims against a foreign corporation. Goodyear Dunlop Tires Operations, S.A. v. Brown , 564 U.S. 915, 919, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011) (citation omitted). It exists when the defendant's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." Id. (citation omitted); see also Daimler AG v. Bauman , 571 U.S. 117, 138, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014) (In Daimler , the plaintiffs asked the Court to "approve the exercise of general jurisdiction in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business.' That formulation, [the Court held], is unacceptably grasping.").
Ricketts alleged in her complaint that Imerys was subject to the general personal jurisdiction of the Florida courts. But in response to Imerys's motion to dismiss, Ricketts argued Florida courts can exercise specific personal jurisdiction over Imerys. On appeal, Ricketts explains that she "argued to the trial court that Imerys is subject to specific jurisdiction, not general jurisdiction." Because of these concessions, we proceed to the specific jurisdiction analysis.
"Specific personal jurisdiction exists when 'the alleged activities or actions of the defendant are directly connected to the forum state.' " Rolls-Royce, PLC , 239 So.3d at 713 (quoting Caiazzo v. Am. Royal Arts Corp. , 73 So.3d 245, 250 (Fla. 4th DCA 2011) ). When analyzing specific personal jurisdiction, the analysis "focuses on 'the relationship among the defendant, the forum, and the litigation.' " Keeton v. Hustler Magazine, Inc. , 465 U.S. 770, 775, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984) (quoting Shaffer v. Heitner , 433 U.S. 186, 204, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977) ).
The Supreme Court has explained that for specific personal jurisdiction to be appropriate, "the defendant's suit-related conduct must create a substantial connection with the forum State." Walden v. Fiore , 571 U.S. 277, 284, 134 S.Ct. 1115, 188 L.Ed.2d 12 (2014). And the connection must arise out of the defendant's own activities, *803 not those of the plaintiff or a third party. Id. (citations omitted).
The Supreme Court applied this principle in World-Wide Volkswagen Corp. v. Woodson , 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), and rejected the "assertion that a consumer 's unilateral act of bringing the defendant's product into the forum State was a sufficient constitutional basis for personal jurisdiction over the defendant." Asahi Metal Indus. Co., Ltd. v. Superior Court of California, Solano County , 480 U.S. 102, 109, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987) (discussing World-Wide Volkswagen Corp. , 444 U.S. at 295-96, 100 S.Ct. 559 ).
Later, the California Supreme Court held that specific personal jurisdiction was appropriate because some valves sold by Asahi, a Japanese manufacturer, were in California. Id. at 110-11, 107 S.Ct. 1026. The United States Supreme Court unanimously disagreed, with none of the three separate opinions garnering five votes. A plurality opinion written by Justice O'Connor explained that the "substantial connection" required between a forum state and the defendant "must come about by an action of the defendant purposefully directed toward the forum State." Id. at 112, 107 S.Ct. 1026 (plurality opinion) (emphasis removed) (citations omitted). The Court stated in the plurality opinion that "[t]he placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State." Id. (plurality opinion).
The test set forth in Justice O'Connor's plurality opinion is known as the "stream-of-commerce" test. Even though the Court's opinion left many questions unanswered, the Court did not address the test again until fifteen years later. See generally J. McIntyre Mach., Ltd. v. Nicastro , 564 U.S. 873, 131 S.Ct. 2780, 180 L.Ed.2d 765 (2011). "The decades following Asahi did little to clarify the stream-of-commerce confusion," and in some respects J. McIntyre "did little to refine the lines originally blurred in Asahi. " Jessica Jeffrey, The Stream of Commerce Flows On , 46 SUFFOLK U.L. REV. 137, 137, 145 (2013).
In J. McIntyre , the New Jersey Supreme Court held that the courts of that state "can exercise jurisdiction over a foreign manufacturer of a product so long as the manufacturer 'knows or reasonably should know that its products are distributed through a nationwide distribution system that might lead to those products being sold in any of the fifty states.' " 564 U.S. at 877, 131 S.Ct. 2780 (citing Nicastro v. McIntyre Mach. Am., Ltd. , 201 N.J. 48, 987 A.2d 575, 591, 592 (2010) ). Six justices on the Supreme Court agreed to reverse the holding.
A plurality opinion written by Justice Kennedy and joined by three justices explained that "[a]s a general rule, the exercise of judicial power is not lawful unless the defendant 'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.' " Id. at 877, 131 S.Ct. 2780 (plurality opinion) (quoting Hanson v. Denckla , 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958) ). There may be exceptions to this general rule, "[b]ut the general rule is applicable in this products-liability case, and the so-called 'stream-of-commerce' doctrine cannot displace it." Id. at 877-78, 131 S.Ct. 2780 (plurality opinion). Justice Kennedy wrote that "[t]he defendant's transmission of goods permits the exercise of jurisdiction only where the defendant can be said to have targeted the forum; as a general rule, it is not enough that the defendant might have predicted that its goods will reach the forum State." Id. at 882, 131 S.Ct. 2780 (plurality opinion).
*804 The other theory advanced focuses on whether a defendant could have foreseen that the product would flow into the forum state. Asahi Metal , 480 U.S. at 117, 107 S.Ct. 1026 (Brennan, J., concurring). But the plurality opinion in J. McIntyre recognized that limiting the analysis to foreseeability is flawed. As an example, allowing a state to exercise personal jurisdiction only because an item is later sold into a state could have unforeseen, and unconstitutional, consequences:
The owner of a small Florida farm might sell crops to a large nearby distributor, for example, who might then distribute them to grocers across the country. If foreseeability were the controlling criterion, the farmer could be sued in Alaska or any number of other States' courts without ever leaving town.
J. McIntyre , 564 U.S. at 885, 131 S.Ct. 2780 (plurality opinion).
Instead of foreseeability, "[t]he principal inquiry in cases of this sort is whether the defendant's activities manifest an intention to submit to the power of a sovereign." Id. at 882, 131 S.Ct. 2780 (plurality opinion). This requires that the defendant intentionally avail itself of the privilege of doing business in the forum state. Id. (plurality opinion) (citations omitted).
Here, Imerys produced a component in one state (not Florida) and sold it to a different company in a different state. It directed no action or activities to Florida.
These facts, established through an affidavit filed by Imerys, are enough to refute the jurisdictional allegations in the complaint. Ricketts was required to file a counter-affidavit to support her position. See Airamid Health Servs., LLC v. Anita Sechler Pers. , 134 So.3d 550, 554 (Fla. 5th DCA 2014) (When a defendant files an affidavit refuting the jurisdictional allegations in a complaint, "the burden then shifts to the plaintiff to show, by counter-affidavit or other evidence, the basis upon which jurisdiction is proper." (footnote and citation omitted) ); Dev. Corp. of Palm Beach v. WBC Constr., L.L.C. , 925 So.2d 1156, 1160 (Fla. 4th DCA 2006) ("When, however, the defendant files affidavits contesting the factual assertions of jurisdiction or the existence of minimum contacts, the burden then shifts to the plaintiff to file counter-affidavits supporting its position.").
An evidentiary hearing is not required, however, when the plaintiff fails to file a counter-affidavit to refute the defendant's affidavit. Dev. Corp. of Palm Beach , 925 So.2d at 1160 ("If those affidavits conflict, then it is incumbent on the trial court to hold a hearing to resolve the conflicts in the evidence and determine the jurisdictional issue.").
Thus, because Ricketts did not file a counter-affidavit, an evidentiary hearing was not required. See Hilltopper Holding Corp. v. Estate of Cutchin ex rel. Engle , 955 So.2d 598, 602 (Fla. 2d DCA 2007) ("If the plaintiff fails to come forward with sworn proof to refute the allegations in the defendant's affidavit and to prove jurisdiction, the defendant's motion to dismiss must be granted." (citations omitted) ); Tobacco Merchants Ass'n of U.S. v. Broin , 657 So.2d 939, 942 (Fla. 3d DCA 1995) ("The plaintiffs' failure to respond with a counter-affidavit or other sworn proof establishing the basis for the exercise of personal jurisdiction defeated the exercise" of personal jurisdiction over the defendant. (footnote omitted) ).
Finally, Ricketts argues Ford Motor Co. v. Atwood Vacuum Machine Co. , 392 So.2d 1305 (Fla. 1981), requires a contrary result. That case held that "the fact that a nonresident manufactures a component *805 part outside the state and takes no part in the sale, distribution, or marketing of the finished product in the state is no basis for a limitation on jurisdiction." Id. at 1313 (citations omitted). But Atwood predates all of the recent controlling opinions from the United States Supreme Court and from the Florida Supreme Court itself. See, e.g. , Grogan v. Archer , 669 So.2d 289, 294 n.5 (Fla. 5th DCA 1996) ("[T]he Atwood decision has been placed in doubt by Tomashevsky v. Komori Printing Machinery Co., Ltd. , 715 F.Supp. 1562, 1566 (S.D. Fla. 1989) and it predates important, subsequent decisions such as Venetian Salami. "); Smith v. Trans-Siberian Orchestra , 689 F.Supp.2d 1310, 1315 (M.D. Fla. 2010) ("[T]he holding in Atwood was reached prior to the Supreme Court's dispositive decisions regarding personal jurisdiction of non-resident defendants in Burger King Corp. v. Rudzewicz , 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 [ ] (1985) and Asahi Metal Industry Co. v. Superior Court , 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 [ ] (1987).").
Our holding adheres to Asahi Metal , Nicastro , and cases from other jurisdictions applying those cases. For example, the manufacturer of a battery sold to a company for insertion in a product, later sold to Costco for sale in all fifty states, is not subject to a state's jurisdiction simply because Costco sells the product there. Commerce & Indus. Ins. Co. v. Durofix, Inc. , No. CV 16-00111 LEK-RLP, 2018 WL 1865868, at *4 (D. Haw. Apr. 18, 2018) (rejecting the argument that E-One was subject to specific personal jurisdiction because, according to the plaintiff, "when E-One sold 300,000 batteries to Mobiletron, E-One knew Mobiletron planned to ship the assembled RL435 LED Lights to Costco, which would distribute the RL435 LED Lights in Hawai'i"). Nor is it sufficient to sell products that merely end up in a state. Holland Am. Line Inc. v. Wartsila N. Am., Inc. , 485 F.3d 450, 459 (9th Cir. 2007) ("Holland America relies on the proposition that those companies sold products or sponsored web marketing for products that ended up in Washington. Neither is sufficient to sustain jurisdiction here.").
Other federal courts have held that mere awareness that a component would be in a product and sold in a forum cannot, without more, establish personal jurisdiction. See, e.g. , Amburgey v. Atomic Ski USA, Inc. , No. 2:06-CV-149-GZS, 2007 WL 1464380, at *4 (D. Me. May 17, 2007) ("Even assuming that Atomic Austria had knowledge that the stream of commerce would take its products into Maine, mere awareness is insufficient to constitute purposeful availment."); Adell Corp. v. Elco Textron, Inc. , 51 F.Supp.2d 752, 755 (N.D. Tex. 1999) (The court found no personal jurisdiction over Elco and explained that "Elco supplies General Motors with components of the allegedly infringing device. General Motors combines the components from Elco with components from others to form its spare tire locking device. General Motors then installs the device on pickup trucks and ships some of those trucks to Texas. Elco has no input on General Motors' distribution, it provides no warranties to Texas customers, it has no advertising in Texas, and it has no direct sales of the accused device in Texas."); Rodriguez v. Fullerton Tires Corp. , 115 F.3d 81, 85 (1st Cir. 1997) ("Even assuming that CMSC had specific knowledge that the stream of commerce would move its tire rims into Puerto Rico-and there is neither evidence nor allegation to that effect-this awareness alone would not be enough to constitute the purposeful availment which is necessary for a showing of minimum *806 contacts.").[1]
A manufacturer's sale of a component to a party in a second state is insufficient, without more, to subject the manufacturer to the jurisdiction of a third state where the completed product was ultimately sold. Windsor v. Spinner Indus. Co., Ltd. , 825 F.Supp.2d 640, 643 (D. Md. 2011) ("[F]oreign businesses whose products are sold in the forum State by third parties cannot be subjected to personal jurisdiction in the forum merely because they should have known, knew, or even expected their products to reach that forum." (citing J. McIntyre , 564 U.S. at 890-91, 131 S.Ct. 2780 ) (Breyer, J., concurring in judgment); Lesnick v. Hollingsworth & Vose Co. , 35 F.3d 939, 946 (4th Cir. 1994) ) ).
Here, because Imerys has no contacts with Florida, Florida courts cannot exercise specific jurisdiction over it.
Conclusion
We reverse the circuit court's order and remand with instructions to dismiss the cause of action against Imerys for lack of personal jurisdiction.
Reversed and remanded.
Klingensmith, J., concurs.
Taylor, J., dissents with opinion.

See also Stevenson v. Cyprus Amax Minerals Co. , No. 6:17-CV-417-ORL-40DCI, 2018 WL 3361884, at *4 (M.D. Fla. July 10, 2018) ("As the foregoing analysis demonstrates, Imerys lacks the requisite 'minimum contacts' with Florida to support the exercise of specific personal jurisdiction."); Jinright v. Johnson & Johnson, Inc. , No. 4:17CV01849 ERW, 2017 WL 3731317, at *4 (E.D. Mo. Aug. 30, 2017) ("The evidence presented by nonresident Plaintiffs does not establish personal jurisdiction over [Imerys], because it does not establish a connection between Plaintiffs' injuries, the products which caused the harm in this matter, and Defendants' contacts in Missouri."); Hodjera v. BASF Catalysts LLC , No. C17-48RSL, 2017 WL 3262501, at *2 (W.D. Wash. July 31, 2017) ("[P]laintiffs fail to satisfy the second prong of the specific jurisdiction test: the requirement that their claim arise out of [Imerys's] purposeful contacts with the forum state."). But see Bors v. Johnson & Johnson , 208 F.Supp.3d 648, 658 (E.D. Pa. 2016) ("Imerys chose to register to do business in Pennsylvania in 2007, years after Pennsylvania enacted its corporate registration statute specifically advising entities of personal jurisdiction arising from their registration to do business. We find, at a minimum, constructive consent to personal jurisdiction over Imerys in Pennsylvania.").